## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JON MINOTTI**
**Fed Reg. No. 25230-038**
**FCI CUMBERLAND**
**PO Box 1000**
**Cumberland, MD 21501-1000,**

        **Plaintiff,**

    **v.**

**HARLEY G. LAPPIN, DIRECTOR,**
**FEDERAL BUREAU OF PRISONS**     Civil No. _____
**320 First Street, N.W.**
**Washington, D.C. 20534,**

**FEDERAL BUREAU OF PRISONS,**
**320 First Street, N.W.**
**Washington, D.C. 20534,**

        **Defendants.**

## MOTION FOR A TEMPORARY RESTRAINING ORDER

    COMES NOW plaintiff Jon Minotti, by and through counsel, and respectfully moves this Court to issue a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure against defendant Bureau of Prisons, defendant Lappin, and the BOP employees. As grounds therefore, plaintiff incorporates by reference his Memorandum in Support of a Temporary Restraining Order.

    **WHEREFORE,** plaintiff requests that a temporary restraining order be entered, enjoining the BOP from depriving Minotti of eligibility for placement in and sentence reduction under RDAP unless it finds that Minotti actually or constructively possessed a weapon during the commission of the offense of conviction without relying on the

Pinkerton conspiracy theory and enjoining the BOP from taking any retaliatory action as a result of the Court's order.

Plaintiff requests that bond be waived or set in a de minimus amount.

Respectfully submitted,

_____/S/_____
Brian W. Shaughnessy, DC 89946
913 M Street, N.W.
Suite 101
Washington, D.C. 20001
(202) 842-1700

Attorney for Plaintiff
Jon Minotti

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JON MINOTTI**
**Fed Reg. No. 25230-038**
**FCI CUMBERLAND**
**PO Box 1000**
**Cumberland, MD 21501-1000,**

        **Plaintiff,**

       **v.**

**HARLEY G. LAPPIN, DIRECTOR,**
**FEDERAL BUREAU OF PRISONS**       Civil No. _____
**320 First Street, N.W.**
**Washington, D.C. 20534,**

**FEDERAL BUREAU OF PRISONS,**
**320 First Street, N.W.**
**Washington, D.C. 20534,**

       **Defendants.**

### MEMORANDUM IN SUPPORT OF A TEMPORARY RESTRAINING ORDER

      COMES NOW plaintiff Jon Minotti, by and through counsel, and in support of his

Motion for a Temporary Restraining Order states as follows:

### FACTUAL BACKGROUND

    1.  On July 13, 2006, plaintiff Minotti was sentenced in the District of Massachusetts to

a term of 54 months incarceration. The sentence was imposed pursuant to a guilty plea to

violations of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. §§ 2 & 924(c)(1)(A). *See, Order*

*of Judgment in a Criminal Case* (Exhibit 1).

    2.  District Judge O'Toole, Jr., after a careful review of the Presentence Report,

recommended to the Bureau of Prisons ("BOP") that plaintiff Minotti participate in the

Bureau's Residential Drug Abuse Program ("RDAP") during his term of incarceration (Kurtz aff., Exhibits 1 & 3).

3.   Minotti's conviction for violation of 18 U.S.C. § 924(c)(1)(A) (Possession of a Firearm in Furtherance of a Drug Trafficking Offense) was obtained pursuant to the "Pinkerton Theory" which was pronounced in *Pinkerton v. United States,* 328 U.S. 640 (1946) (holding a conspirator vicariously liable for reasonably foreseeable substantive offenses committed by other co-conspirators in furtherance of the conspiracy).

4.   Minotti never used, possessed or carried a firearm. One of his coconspirators was a police officer and, under Pinkerton, it was presumed reasonably foreseeable that Minotti knew his officer/coconspirator would be carrying a firearm during the commission of the underlying drug trafficking crime.

5.   On December 20, 2006, the BOP admitted plaintiff Minotti to a "cohort" of RDAP. Concurrently, Minotti was advised by the authorities at FPC Cumberland that he was ineligible for a § 3621(e) sentence reduction because his conviction pursuant to 18 U.S.C. § 924(c) (1) (A) is considered by the BOP to be a "crime of violence" in all cases.

6.   Minotti timely attempted to have the 3621(e) ineligibility determination reversed by utilizing the BOP's Administrative Remedy Procedures. *See, Cumulative Administrative Remedy Requests and BOP Responses* (Kurtz aff., Exhibit 2). Minotti has exhausted his administrative remedies.

7.   The BOP presently indicates, on its website, a projected release date for Minotti of September 8, 2009. Because all inmates who successfully complete RDAP are granted a six-month placement in a Residential Re-Entry Center ("RRC") - also known as a halfway

house – Minotti is now projected to be released from FPC Cumberland and transferred to a RRC on or about March 8, 2009.

8.   If Minotti were found to be eligible for the one-year 18 U.S.C. §3621(e) sentence reduction, he would be transferred from FPC Cumberland to the RRC on or about March 8, 2008.

## LEGAL STANDARD

It is well established that to obtain a temporary restraining order or preliminary injunction, the plaintiff must demonstrate (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the requested relief is not granted, (3) that an order or injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the temporary restraining order or injunction. *Cobell v. Norton,* 391 F.3d 251, 258 (D.C. Cir. 2004); *Katz v. Georgetown University,* 246 F.3d 685, 687-88 (D.C. Cir. 2001); *City Fed Financial Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C. Cir. 1995); *Sea Containers Ltd. v. Stena AB,* 890 F.2d 1205, 1208 (D.C. Cir. 1989); and *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060 (D.C.Cir.1998).

The trial court is to balance those factors, not necessarily giving equal weight to each. "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." *Office of Thrift Supervision* at 746; *Cuomo v. United States Nuclear Regulatory Comm'n.,* 772 F.2d 972, 974 (D.C. Cir. 1985). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated. Although the grant of interim relief is an extraordinary remedy, it should be granted in the limited circumstances which clearly demand it." *See, United States v. Jefferson Co.,* 720 F.2d 1511, 1519 (11th Cir. 1983).

3

<u>**JURISDICTION AND VENUE**</u>

I.    **The United States Has Waived Its Sovereign Community and the Court Has <u>Subject Matter Jurisdiction.</u>**

A.    <u>**Jurisdiction and Venue**</u>

Jurisdiction is conferred on this Court by 18 U.S.C. § 3626(g) which provides, in pertinent part, for the court to provide relief for "the effects of actions by government officials on the lives of persons confined in prison." *Accord, Tanner v. Federal Bureau of Prisons,* No. 06-0529 (RMU), Memorandum Opinion (5/17/2006 DCDC).

Here the issue is whether a BOP Central Office (Washington DC) ruling has deprived the inmate of consideration for a program benefit in violation of established rule-making procedures. Since the decision to deny consideration was made by the BOP Central Office, venue is proper in the district where the determination was made.

Minotti seeks the correct application of a policies (Program Statements 5330.10 and 5331.01) passed with due process under the Department of Justice rulemaking authority that would make him eligible for consideration of sentence reduction under RDAP.  He was deprived of that opportunity by BOP's incorrect application of the Program Statements.

B.    <u>**Sovereign Immunity**</u>

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Webman v. Federal Bureau of Prisons,* 441 F.3d 1022 (D.C. Cir. 03/28/2006). The federal government may waive its sovereign immunity by statute, but that waiver "must be unequivocally expressed in statutory text." *Lane v. Peña,* 518 U.S. 187, 192 (1996).

That statutory expression may be found in 18 U.S.C. § 3626 (a) (1) (A), (a) (1) (B), and (a) (2), as follows:

Sec. 3626. Appropriate remedies with respect to prison conditions -STATUTE-(a)

Requirements for Relief. -

(1) Prospective relief. –

(A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

(B) The court shall not order any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless -

(i) Federal law requires such relief to be ordered in violation of State or local law;
(ii) the relief is necessary to correct the violation of a Federal right; and (iii) no other relief will correct the violation of the Federal right.

(2) Preliminary injunctive relief. –

In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

Here, 18 U.S.C. § 3626 provides specific language that is the "sort of unequivocal waiver that our precedents demand," *Lane,* 518 U.S. at 198, because that Section, which sets out the "appropriate remedies with respect to prison conditions," as well as the requirements for prospective relief and preliminary injunctive relief, is not susceptible to more than one interpretation; *i.e.,* why would Congress include the statutory language of § 3626 in Chapter 229 (Postsentence Administration), Subchapter C (Imprisonment), if it did not intend the United States to waive its sovereign immunity in matters that are at issue under that statute? If a statute addresses litigation procedures involving injunctive relief pursuant to a specific

5

statute, it must be readily obvious that the United States has agreed to be sued under the provisions of that statute. Because § 3626 authorizes a suit against the United States, its sovereign immunity has been waived and this matter may proceed.

## ARGUMENT

### I. The Balance of Hardships Favors the Plaintiff.

"Although the decision to grant or deny interlocutory injunctive relief depends upon a flexible interplay among all the factors considered, it is clear that the two more important factors are those of probable irreparable injury to the plaintiff without a decree and of likely harm to the defendant with a decree." *Maryland Undercoating Co., Inc. v. Payne,* 603 F.2d 477, 481 n.9 (4th Cir. 1979). And in any suit for injunctive relief the balance of hardships may be tipped by the strength of the plaintiff's showing of a likelihood of success on the merits. *Washington Metropolitan Area Transit Authority v. Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C.Cir.1977); *accord, Federal Trade Commission, v. Weyerhaeuser Company, Et Al,* No. 81-1346 (D.C. Cir. 09/01/81) (Mikva, C.J., dissenting). In this case, the balance of hardship favors the plaintiff.

### A. The Plaintiff Will Suffer Irreparable Harm If He Is Not Made Eligible For A Sentence Reduction

Minotti is a forty-one year old inmate who was sentenced to 54 months imprisonment. On December 20, 2006, he was accepted into the RDAP program as the District Judge had recommended, but the BOP informed Minotti that he would not be eligible for a § 3621(e) sentence reduction because his conviction pursuant to 18 U.S.C. § 924(c)(1)(A) is considered by the BOP to be a "crime of violence" in all cases. At this time plaintiff Minotti has less than two years on his sentence as imposed and, with the RDAP program factored in, will be quite close to the expiration of his term if a § 3621(e) sentence reduction is granted. If relief is not granted soon, plaintiff will have no remedy.

In approving injunctive relief, the Court stated that since the injury was either threatened or in fact being impaired at the time relief was sought, a preliminary injunction was appropriately granted to protect the plaintiffs from irreparable injury. *See, Elrod v. Burns*, 437 U.S. 347, 374 (1976). As a result of the BOP's arbitrary and capricious action, Minotti's liberty will be restricted by approximately one year. Moreover, he will suffer an absolute, irrevocable loss of liberty that he had expected and was entitled to, but deprived of because of a BOP policy that incorrectly categorizes a § 924(c) conviction obtained pursuant to the Pinkerton Theory as a crime of violence.

Accordingly, Minotti's argument that he will be wrongly incarcerated is sufficient to meet the standard of irreparable injury. *See e.g. Lake v. Speziale*, 580 F. Supp. 1318, 1335 (D.C. Conn. 1984) (stating that "'there is no adequate remedy at law for a deprivation of one's physical liberty.'") (quoting *Cobb v. Green*, 574 F. Supp. 256, at 261) (W.D. Mich. 1983)).

### B.     The BOP Will Suffer No Harm and the Public Interest Will Be Served.

Finally, the Bureau of Prisons will suffer no perceivable harm if the requested relief is granted.  If  Minotti Is granted the benefits of successful completion of RDAP, including a reduction of sentence, the BOP will not suffer and the public interest may be served, as the sentencing judge hoped, by the BOP's correct application of offense categorization permitting Minotti's full participation in the program, including the statutory § 3621(e) sentence reduction. Moreover, the BOP will send a message to the public and inmates alike that program completion is seriously regarded.

### II.     Minotti Has Demonstrated a Likelihood of Success on the Merits.

Minotti acquired a liberty interest in obtaining the full benefit of the RDAP program for which he qualified and to which he was admitted. The BOP's arbitrary and capricious

determination, in violation of the Administrative Practices Act, 5 U.S.C. § 706, ("APA") deprived him of those liberty interests.

A protected liberty interest may arise from policy statements issued by the BOP and the warden of a federal facility. *Walker v. Hughes,* 558 F.2d 1247, 1254-56 (6th Cir. 1977). *See, also, Bills v. Henderson,* 631 F.2d 1287, 1289 (6th Cir. 1980) (finding liberty interest based on rule contained in "Adult Service Policies and Procedures Manual of the Department of Correction (Guidelines)"). Similarly, the Tenth Circuit found a protected liberty interest in an "official statement of policy" in a manual adopted by the administrator of one particular state penitentiary. *Gurule v. Wilson,* 635 F.2d 782, 785 (10th Cir. 1980). *See, also, Vitek v. Jones,* 445 U.S. 480, 489-90 (1980) (state statute created liberty interest precluding arbitrary transfer of prisoners to mental institutions); *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 12 (1979) (state statute created legitimate expectation of parole warranting due process protection); *Wolff v. McDonnell,* 418 U.S. 539, 557 (state statute created right to good-time credits).

In sum, to succeed on a due process claim, Minotti must show that "(1) [he] has a constitutionally protected life, liberty or property interest and (2) the procedures employed deprived the plaintiff of that interest without constitutionally adequate procedure." *Beverly Enter., Inc. v. Herman*, 130 F. Supp. 2d 1, 17 (D.D.C. 2000) (citing *Propert v. District of Columbia*, 948 F.2d 1327, 1331 (D.C. Cir. 1991)). Clearly, Minotti's constitutionally-protected liberty interest was in being correctly "categorized."

A.    **The BOP Has Incorrectly Categorized Minotti's offense.**

The U.S. Sentencing Guidelines define a crime of violence as follows:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 (a). *See, United States v. Andrews,* 479 F.3d 894 (D.C.Cir. 2007).

Minotti was convicted and sentenced pursuant to the U.S. Sentencing Guidelines and the BOP must employ the rules of statutory construction when determining whether Minotti's offense is a crime of violence that mandates the denial of a § 3621(e) sentence reduction.

To analyze whether Minotti's conviction fits within that definition of a crime of violence, a court "must look only to the statutory definition [of the crime for which he has been convicted]. *Andrews, supra.*

18 U.S.C. § 924(c) states, in pertinent part, that:

A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

(i)    be sentenced to a term of imprisonment of not less than 5 years;

Here, the operative words of the statute are "uses or carries a firearm" and "possesses a firearm." Clearly, the record demonstrates that Minotti never, at any time during the entire course of the conspiracy, "used," "carried," or "possessed" a firearm. And,

while Minotti's Pinkerton Theory § 924(c) conviction was a part of his plea agreement, it was well established at sentencing that all of the parties, including the sentencing judge, knew that he never had constructive possession of a firearm.

In fact, Judge O'Toole apparently wrestled with the whole concept. At sentencing, he stated:

> I have difficulty with the second prong, however, the foreseeability [sic] … In both cases we're not dealing with certainty, although perhaps a little bit more with the carrying.

> One of the problems I think is the protean nature of the word "foreseeable." It suggests to me a spectrum from the low end, if you want to call it the low end, conceivable, which almost suggests speculation …"

> Congress's purpose was to be sure that drug dealers who carried firearms were treated more strictly than drug dealers who didn't. *In this case we have an odd circumstance because it isn't the drug dealer (Minotti) per se who's carrying the firearm.* (Emphasis supplied.)

*Sentencing Transcript,* pp. 29, 30 & 56 (Exhibit 3).

The plain language of the statute, of course, provides the first point of reference. *Braxtonbrown-Smith,* 278 F.3d 1348, 1352 (D.C. Cir. 2002). If the statutory language has a "plain and unambiguous meaning," the inquiry ends, provided that the resulting "statutory scheme is coherent and consistent." *United States v. Wilson,* 290 F.3d 347, 352 (D.C. Cir. 2002) (quotations and citations omitted). The determination of whether certain language is plain depends on "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Id. at 353 (quotations and citations omitted).

Minotti submits that the statutory language has a plain and unambiguous meaning. In order for his offense to be properly categorized by the BOP as a crime of violence, Minotti must have "used," "carried," or "possessed" a firearm at some time during the conspiracy. And he never did.

10

The D.C. Circuit supports this rationale. It's decision in *In Re: Sealed Case,* No. 95-3206 (D.C. Cir. 02/07/1997) held that "co-conspirator liability cannot establish possession under the safety valve" and found that "[a] defendant constructively possesses an object when he is "knowingly in a position to, or ha[s] the right to exercise "dominion and control' over" the object, *e.g., United States v. Jenkins,* 981 F.2d 1281, 1283 (D.C. Cir. 1992) (citation and internal quotation marks omitted), either personally or through others, *see, e.g., United States v. Harrison,* 931 F.2d 65, 71 (D.C. Cir.), cert. denied, 502 U.S. 953 (1991). The Court also stated that "[i]n none of the cases (citing four earlier cases) did we hold that participation in an ongoing drug business by itself could support a finding of constructive possession" and "[i]n three of the four cases, moreover, we held that participation in a drug distribution operation could support a finding of constructive possession of drugs, *not of guns*." (Emphasis supplied); *accord, United States v. Toms,* No. 97-3047 (D.C. Cir. 01/22/1998).

Although *In Re: Sealed Case* dealt with the "safety valve" issue, the similarities between it's use and RDAP participation are striking – both as to Congressional intent and procedural implementation. In both cases, Congress intended that the benefit to be derived (*i.e.,* the discretion of a sentencing judge to impose a sentence under the statutory mandatory minimum in the case of the "safety valve" and the discretion of the Director of the Bureau of Prisons to award a sentence reduction of up to one year) to be a reward to non-violent offenders.[1]

---

[1] U.S.S.G. §5C1.2. Limitation on Applicability of Statutory Minimum Sentences in Certain Cases directs that "a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant

11

The Circuit Court acknowledged that "[a]cting to prevent the mandatory minimum sentences for certain drug trafficking offenses from causing the "least culpable offenders [to] receive the same sentences as their relatively more culpable counterparts," H.R. Rep. No. 103-460, at 4 (1994), Congress added the so-called "safety valve" provision to the Sentencing Guidelines in 1994, Mandatory Minimum Sentencing Reform Act of 1994, Pub. L. No. 103-322, tit. VIII, 108 Stat. 1796, 1895-96 (codified at 18 U.S.C. Section(s) 3553(f))."

This is precisely the same reasoning that should require Minotti's consideration for a § 3621(e) sentence reduction; he was substantively less culpable that his more culpable counterpart; he is entitled to the "reward" of a non-violent offender. And, as this Court will remember, it is the same issue that so troubled Judge O'Toole when he imposed sentence. *See, Sentencing Transcript,* pp. 29, 30 & 56 (Exhibit 3).

Accordingly, the reasoning expressed by Circuit Judge Tatel, and concurred with by Circuit Judges Edwards and Silberman, must be afforded great deference by this Court.

**B.    Vicarious Liability is Distinguishable When the BOP Categorizes a "Crime of Violence."**

Minotti qualified for the RDAP program and its consequent § 3621(e) sentence reduction. He was admitted to the program but had its benefits negated by the improper application of the BOP regulations.

---

meets the criteria in 18 U.S.C. § 3553(f)(1)-(5)." The pertinent criteria here are "(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person."

BOP Program Statement 5330.10 states, in pertinent part, that "(1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release: … (vi) Inmates whose current offense is a felony … (B) that involved the carrying possession or use of a firearm or other dangerous weapon or explosives."

The BOP relies heavily on the Supreme Court's decision in *Lopez v. Davis,* 531 U.S. 230 (2001) to buttress its argument that the Director of the BOP may use his discretion to refuse to grant Minotti a § 3621(e) sentence reduction. *See, Administrative Remedy Part B – Response (National Inmate Appeals)*, 8/31/2007 (Exhibit 2).

In *Lopez,* the Supreme Court examined a BOP rule that categorically denied early release following drug rehabilitation to a category of inmates that, under the terms of the statute, would otherwise have been eligible for such release. *See,* 531 U.S. at 238. The statute at issue in the case, 18 U.S.C. § 3621(e)(2)(B), provided that the period of custody of a prisoner convicted of a nonviolent offense who completed a substance abuse program "may be reduced" by up to one year by the BOP. The BOP's categorical rule implementing this early release incentive excluded from eligibility all inmates with certain prior convictions, as well as all inmates incarcerated for a "crime of violence," as defined by the BOP. The *Lopez* Court found that the statute granted the BOP the discretion to reduce the period of imprisonment for nonviolent offenders who satisfied a drug treatment program, but that "Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so." *Lopez,* 531 U.S. at 242. Applying *Chevron* deference, the Court found that its review was limited to the issue of whether the BOP reasonably filled the statutory gap. *Id.* (citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842 (1984)).

Minotti does not contest the holding in *Lopez.* Clearly the Supreme Court has granted the BOP Director wide discretion in applying a categorical preclusion. But that is not the issue here. Before the Director may apply the denial of sentence reduction to a particular category of RDAP participants, he must first be certain that the underlying category of offenses have, in fact, been committed by the particular inmate*; i.e.,* for the

purpose of BOP categorization, a conviction - without an examination of the underlying facts - should not necessarily preclude a § 3621(e) sentence reduction.

What agencies such as the BOP may not do, is edit a statute. Categorical rulemaking, like all forms of agency regulation, must be consistent with unambiguous Congressional instructions. And, an agency may not promulgate categorical rules that do not take account of the categories that are made significant by Congress. *See, Succar v. Ashcroft,* 394 F.3d 8, 10 (1st Cir. 2005) (holding that the Attorney General cannot promulgate a regulation that categorically excludes a category of otherwise eligible aliens, because Congress had expressed clear intent as to what categories the Attorney General could consider for eligibility and what classes it could not). Though Congress left the BOP a large territory of discretion in implementing § 3621, it did not leave the BOP's duties undefined. The BOP is not empowered to selectively implement statutory instructions by picking and choosing those factors that it deems most compelling. *See, generally, Levine v. Apker,* 455 F.3d 71 (2d Cir. 2006) (discussing § 3621(b)).

### III.    **Plaintiff Has Exhausted The Administrative Remedy Process**

The Bureau of Prisons admitted plaintiff Minotti to RDAP and decided that he was ineligible for a § 3621(e) sentence reduction because one of his offenses is categorized as a crime of violence pursuant to BOP Programs Statement 5162.04.

Pursuant to the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, prisoners seeking relief must, *inter alia,* exhaust prison grievance procedures prior to filing suit. 42 U.S.C. § 1997e (a).  Indeed, "no action shall be brought with respect to prison conditions under 42 U.S.C. 1983, or any other Federal law, by a prisoner confined in any jail, prison or correctional facility until such administrative remedies as are available are exhausted." *Id.*

Although the exhaustion requirement is mandatory and applies broadly to "all suits

about prison life," *Id.* at 532, the PLRA's exhaustion requirement is not jurisdictional in nature. *Ali v. District of Columbia*, 278 F.3d 1, 5-6 (D.C. Cir. 2002). Indeed, the "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007).

Here, Minotti timely attempted to have the 3621(e) ineligibility determination reversed by utilizing the BOP Administrative Remedy Procedure. *See, Cumulative Administrative Remedy Requests and BOP Responses* (Exhibit 2). Minotti has exhausted his administrative remedies.

Moreover, The BOP presently indicates, on its website, a projected release date for Minotti of September 8, 2009. Because all inmates who successfully complete RDAP are granted a six-month placement in a Residential Re-Entry Center ("RRC") - also known as a halfway house – Minotti is now projected to be released from FPC Cumberland and transferred to a RRC on or about March 8, 2009. If Minotti were found to be eligible for the one-year 18 U.S.C. §3621(e) sentence reduction, he would be transferred from FPC Cumberland to the RRC on or about March 8, 2008.

Thus, all of the steps available to Mr. Minotti were pursued and the final denial exhausted the administrative remedies available to him.

Even if there was a further step in the administrative process to be found, in determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion. "Administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to

further." *West v. Bergland,* 611 F.2d 710, 715 (8th Cir. 1979), cert. denied, 449 U.S. 821

(1980). Application of this balancing principle is "intensely practical," *Bowen v. City of*

*New York,* 476 U.S., at 484, citing *Mathews v. Eldridge,* 424 U.S. 319, 331, n. 11 (1976),

because attention is directed to both the nature of the claim presented and the characteristics

of the particular administrative procedure provided.

Here, the decision was a denial of one of the critical benefits of the RDAP program.

Further resort to administrative process would render nugatory any remedy granted since

Minotti's transfer date to an RRC is fast approaching if he is granted a §3621(e) sentence

reduction. Any further delay will operate to deprive him of his liberty interest.  Under these

circumstances, Minotti should not be required to pursue the administrative remedy process

any further, even if such process were available.

## **CONCLUSION**

For the foregoing reasons and others that may be developed in a hearing on this

motion, Minotti respectfully requests that this Court enter an order: preliminarily and

permanently enjoining the BOP from depriving Minotti of eligibility for placement in and

sentence reduction under RDAP and enjoining the BOP from taking any retaliatory action

as a result of the Court's order.

Respectfully submitted,


_____/S/_____
Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for Plaintiff Jon Minotti


16

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JON MINOTTI**<br>**Fed Reg. No. 25230-038**<br>**FCI CUMBERLAND**<br>**PO Box 1000**<br>**Cumberland, MD 21501-1000,**<br><br>          **Plaintiff,**<br><br>    **v.**<br><br>**HARLEY G. LAPPIN, DIRECTOR,**<br>**FEDERAL BUREAU OF PRISONS**<br>**320 First Street, N.W.**<br>**Washington, D.C. 20534,**<br><br>**FEDERAL BUREAU OF PRISONS,**<br>**320 First Street, N.W.**<br>**Washington, D.C. 20534,**<br><br>        **Defendants.** | Civil No. _____ |

## TEMPORARY RESTRAINING ORDER

Upon consideration of plaintiff Jon Minotti's Motion for a Temporary Restraining Order, any response thereto and the entire record herein, it is this \_\_\_ day of November 2007, and the Court having found that:

1.     Plaintiff will suffer irreparable harm and loss if defendants are not required to reverse their order denying plaintiff consideration for a reduction of sentence;

2.     Plaintiff has no adequate remedy at law;

3.     Greater injury will be inflicted upon plaintiff by the denial of preliminary injunctive relief than would be inflicted upon defendant by the granting of such relief; and,

4.    The public interest favors the issuance of this order; it is this _____ day

of November 2007,

**ORDERED** that defendants are preliminarily enjoined, directly or indirectly, and

whether alone or in concert with others, including any officer, agent, representative

and/or employee of defendant until hearing and thereafter until further Order of this

Court from denying plaintiff consideration for placement in and a reduction of sentence

pursuant to the RDAP program; and it is further

**ORDERED** that this Order shall remain in force and effect until such time as this

Court specifically orders otherwise.


_____
DISTRICT JUDGE


Copies to:

Brian Shaughnessy
SHAUGHNESSY, VOLZER & GAGNER, P.C.
913 M Street, N.W.
Suite 101
Washington, D.C.  20005

U.S. Attorney for the District of Columbia
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C.  20001

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JON MINOTTI**
**Fed Reg. No. 25230-038**
**FCI CUMBERLAND**
**PO Box 1000**
**Cumberland, MD 21501-1000,**

          **Plaintiff,**

    v.

**HARLEY G. LAPPIN, DIRECTOR,**
**FEDERAL BUREAU OF PRISONS**      Civil No. _____
**320 First Street, N.W.**
**Washington, D.C. 20534,**

**FEDERAL BUREAU OF PRISONS,**
**320 First Street, N.W.**
**Washington, D.C. 20534,**

          **Defendants.**

### AFFIDAVIT OF PAUL C. KURTZ

COMES NOW, declarant Paul C. Kurtz and declares and says the following:

1.    I am the Executive Director of Federal Inmate Advocates, a prisoner rights advocacy organization that assists inmates in obtaining legal rights. I am not an attorney and I do not practice law. I declare the following information based on and from my own personal knowledge and review of the court documents.

1.  On July 13, 2006, plaintiff Minotti was sentenced in the District of Massachusetts to a term of 54 months incarceration. District Judge O'Toole, Jr., after a careful review of the Presentence Report, recommended to the Bureau of Prisons ("BOP") that plaintiff

Minotti participate in the Bureau's Residential Drug Abuse Program ("RDAP") during his term of incarceration (Exhibits 1 & 3).

2.  Plaintiff Minotti's conviction for violation of 18 U.S.C. § 924(c)(1)(A) (Possession of a Firearm in Furtherance of a Drug Trafficking Offense) was obtained pursuant to the "Pinkerton Theory" which was pronounced in Pinkerton v. United States, 328 U.S. 640 (1946) (holding a conspirator vicariously liable for reasonably foreseeable substantive offenses committed by other co-conspirators in furtherance of the conspiracy).

3.  Plaintiff Minotti never used, possessed or carried a firearm during the commission of this offense. One of his coconspirators was a police officer and, under Pinkerton, it was presumed reasonably foreseeable that Minotti knew his officer/coconspirator would be carrying a firearm during the commission of the underlying drug trafficking crime.

4.  On December 20, 2006, the BOP admitted plaintiff Minotti to a "cohort" of RDAP. Concurrently, Minotti was advised by the authorities at FPC Cumberland that he was ineligible for a § 3621(e) sentence reduction because his conviction pursuant to 18 U.S.C. § 924(c) (1) (A) is considered by the BOP to be a "crime of violence" in all cases.

5.  But for BOP's improper use of the Pinkerton doctrine to ascribe possession of a firearm to plaintiff, plaintiff would have been enrolled in the RDAP program.

6.  Minotti timely attempted to have the 3621(e) ineligibility determination reversed by utilizing the BOP's Administrative Remedy Procedures. *See, Cumulative Administrative Remedy Requests and BOP Responses* (Exhibit 2). Minotti has exhausted his administrative remedies.

7.  The BOP presently indicates, on its website, a projected release date for Minotti of September 8, 2009. Because all inmates who successfully complete RDAP are granted a

six-month placement in a Residential Re-Entry Center ("RRC") - also known as a halfway house – Minotti is now projected to be released from FPC Cumberland and transferred to a RRC on or about March 8, 2009.

8. If Minotti were found to be eligible for the one-year 18 U.S.C. §3621(e) sentence reduction, he would be transferred from FPC Cumberland to the RRC on or about March 8, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:

November 3, 2007

Devon, PA. 19333

Paul C. Kurtz

**EXHIBIT 1**
**JUDGMENT IN A CRIMINAL CASE**

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
District of Massachusetts

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|

**V.**

**JON MINOTTI**

Case Number: **1: 04 CR 10325 - 001 - GAO**

USM Number:

MICHAEL LISTON, ESQ.

Defendant's Attorney

☐ Additional documents attached

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1-4    (Plea date: 10/12/05 & 11/29/05)

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:    Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 1 U.S.C. sec. 846 | Consp.to Distribute and to Possess with Intent to Distribute Cocaine | 05/19/04 | 1 |
| 1 U.S.C.sec 841(a)(1) | Possession of Cocaine with Intent to Distribute | 12/24/03 | 2 |
| 8 U.S.C. 2 | Aiding & Abetting | | |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

07/13/06

Date of Imposition of Judgment

/s/ George A. O'Toole, Jr.

Signature of Judge

The Honorable George A. O'Toole

Judge, U.S. District Court

Name and Title of Judge

7/14/06

Date

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

DEFENDANT:    **JON MINOTTI**                          Judgment—Page _____ of ___8___
CASE NUMBER: **1: 04 CR 10325   - 001 - GAO**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. sec 924(c) | (1)(A) Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possession of a Firearm in Furtherance of a Drug Trafficking Offense | 12/24/03 | 3 |
| 18 U.S.C. sec 2 | Aiding and Abetting | | |
| 21 U.S.C. sec 846 | Conspiracy to Distribute, and Possess with Intent to Distribute Marijuana | 12/24/03 | 4 |

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page __2__ of __8__

DEFENDANT:    **JON MINOTTI**
CASE NUMBER: **1: 04  CR  10325   - 001 - GAO**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:        **54**        month(s)

36 months on each of counts 1, 2, and 4 to run concurrently with each other.  18 months on count 3 to run consecutively, from and after, sentence imposed on counts 1,2 and 4.

[✓] The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prisons that the defendant participate in the Bureau of Prisons 500 hour residential drug abuse program.

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

    [ ] at _____ [ ] a.m.  [ ] p.m.   on _____ .

    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before 2 p.m. on _____ .

    [ ] as notified by the United States Marshal.

    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

DEFENDANT: **JON MINOTTI**
CASE NUMBER: **1: 04 CR 10325 - 001 - GAO**

Judgment—Page    3    of    8

## SUPERVISED RELEASE

[ ] See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    4    year(s)

on each of counts 1 thru 4 to run concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓]    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)  Case 1:07-cv-02006-JR  Document 2-4  Filed 11/06/2007  Page 6 of 11
(Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **JON MINOTTI**

CASE NUMBER: **1: 04 CR 10325 - 001 - GAO**

Judgment—Page ___4___ of ___8___

## ADDITIONAL☐ SUPERVISED RELEASE☐ PROBATION TERMS

The defendant is to participate in a program for substance abuse and shall be required to contribute to the cost of services for such treatment based on the ability to pay or the availability of third party payment.

**Continuation of Conditions of ☐Supervised Release ☐ Probation**

AO 245B(05-MA) Case 1:07-cv-02006-JR Document 2-4 Filed 11/06/2007 Page 7 of 11
(Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

DEFENDANT: **JON MINOTTI**

CASE NUMBER: **1: 04 CR 10325 - 001 - GAO**

Judgment — Page ___5___ of ___8___

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ $400.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

☐ See Continuation Page

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ $0.00 | $_____ $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **JON MINOTTI**

CASE NUMBER: **1: 04 CR 10325 - 001 - GAO**

DISTRICT: **MASSACHUSETTS**

Judgment — Page 6 of 8

## STATEMENT OF REASONS

### I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT

A ☐   The court adopts the presentence investigation report without change.

B ☑   **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1 ☑   Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or specific offense characteristics):

Per 5C1.2, a two level reduction in offense level ("safety valve")

2 ☐   Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐   Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐   Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

### II    COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)

A ☐   No count of conviction carries a mandatory minimum sentence.

B ☐   Mandatory minimum sentence imposed.

C ☑   One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐   findings of fact in this case

☑   substantial assistance (18 U.S.C. § 3553(e))

☑   the statutory safety valve (18 U.S.C. § 3553(f))

### III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):

Total Offense Level: 25

Criminal History Category: 1

Imprisonment Range: 57 to 71 months

Supervised Release Range: 3 to 999 years

Fine Range: $ 10,000 to $ 5,000,000

☑   Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **JON MINOTTI**
CASE NUMBER: **1: 04 CR 10325  - 001 - GAO**
DISTRICT:     **MASSACHUSETTS**

Judgment — Page  7  of  8

## STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☑   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D ☐   The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☑ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.).

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

DEFENDANT:  **JON MINOTTI**

CASE NUMBER:  **1: 04 CR 10325  - 001 - GAO**

DISTRICT:  **MASSACHUSETTS**

Judgment — Page     of     8

## STATEMENT OF REASONS

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A  **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B  **Sentence imposed pursuant to** (Check all that apply.):

1  **Plea Agreement** (Check all that apply and check reason(s) below.):
☐  binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐  plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐  plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐  government motion for a sentence outside of the advisory guideline system
☐  defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐  defense motion for a sentence outside of the advisory guideline system to which the government objected

3  **Other**
☐  Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C  **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))

☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D  **Explain the facts justifying a sentence outside the advisory guideline system.** (UseSection VIII if necessary.)

DEFENDANT: **JON MINOTTI**
CASE NUMBER: **1: 04 CR 10325   - 001 - GAO**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 8 of 8

## STATEMENT OF REASONS

### VII   COURT DETERMINATIONS OF RESTITUTION

A   ☒   Restitution Not Applicable.

B   Total Amount of Restitution: _____

C   Restitution not ordered (Check only one.):

1   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2   ☐   For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3   ☐   For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4   ☐   Restitution is not ordered for other reasons. (Explain.)

D   ☐   Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

### VIII   ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   0-0-1966

Defendant's Residence Address: 3 O'Grady Circle, Stoneham, MA 02180

Defendant's Mailing Address:
Plymouth House of Corrections
26 Long Pond Road
Plymouth, MA 02360

Date of Imposition of Judgment
07/13/06

/s/ George A. O'Toole, Jr.

Signature of Judge
The Honorable George A. O'Toole   Judge, U.S. District Court

Name and Title of Judge
Date Signed   7/14/06

**EXHIBIT 2**
ADMINISTRATIVE REMEDY REQUESTS AND DENIALS

ATTACHMENT A

# FEDERAL CORRECTIONAL INSTITUTION  CUMBERLAND, MARYLAND
## ATTEMPT AT INFORMAL RESOLUTION-GENERAL POPULATION

Name: Jon Minotti          Reg. No.: 25230038          Unit: P

Date: 3-5-07                          Counselor: Mr. Purdue

Part A - Inmate Request/Issue: Staff has not returned Cop-out dated 12/22/2006 requesting re-evaluation of my 18 USC. § 3621(e) eligibility status. Please respond to cop-out.

Thank you

Part B - Referred To:

| PROGRAMS | | CAPTAIN | ☐ | UNICOR |
|---|---|---|---|---|
| CASE MANAGEMENT COORD. | ☐ | SIS LIEUTENANT | ☐ | FACTORY MANAGER |
| INMATE SYSTEMS MGR. | ☐ | SHU LIEUTENANT | ☐ | BUSINESS MANAGER |
| CHIEF PSYCHOLOGIST | ☐ | OPS. LIEUTENANT | ☐ | PRODUCTION COORD. |
| DRUG PROGRAM COORD. | ☒ | | | |
| BRAVE COORD. | ☐ | OPERATIONS | | |
| | | CONTROLLER | ☐ | ADMINISTRATIVE |
| CHAPLAIN | ☐ | TRUST FUND SUPERVISOR | ☐ | EXECUTIVE ASSISTANT |
| VOLUNTEER COORDINATOR | ☐ | | | COMPUTER SERVICES MGR. |
| | | FOOD SVC. ADMIN. | ☐ | DISCIPLINE HEARING OFFICER |
| SUPERVISOR EDUCATION | ☐ | SAFETY MANAGER | ☐ | |
| SUPERVISOR RECREATION | ☐ | | | |
| | | HEALTH SERVICES ADMIN. | ☐ | OTHER |
| | | CHIEF DENTAL OFFICER | ☐ | PLEASE SPECIFY: |
| UNIT MANAGER | ☐ | PHARMACIST | ☐ | |
| CASE MANAGER  A OR B SIDE | ☐ | | | |
| COUNSELOR    A OR B SIDE | ☐ | FACILITY MANAGER | ☐ | _____ |
| UNIT SECRETARY | ☐ | GENERAL FOREMAN | ☐ | _____ |
| UNIT _____ | | EMPLOYEE DEVELOPMENT MGR | ☐ | |
| | | HUMAN RESOURCES MGR. | ☐ | |

Part C - Informal Resolution Attempt

☐ Issue Resolved/Relief Granted    - ☐ Comments on back.
☐ Issue Unresolved/No Relief Granted - ☐ Comments on back.
☐ Unable to address issue/Referred to _____.

By: _____     Date: _____

Reviewed: _____ Unit Manager  Date: _____

| Counselor's Tracking | | | | | |
|---|---|---|---|---|---|
| Tracking # | Event Date | + 20 days | Form issued | BP-9 Issued | BP-9 Returned |
| | 3-5-07 | 3-25-07 | | | |

CUM 1330.13C

8 1/2

BP-A148.055
SEP 98

**INMATE REQUEST TO STAFF** CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Dr Bryan R.D.A.P Coordinator | DATE: 4-11-07 |
|---|---|
| FROM: Jon Minotti | REGISTER NO.: 25230038 |
| WORK ASSIGNMENT: Laundry | UNIT: P-3 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

During my Initial Interview I was declined 3621 'E' eligibility
due to my 924 'c' gun possession count. I am asking this to be
over turned as a discretion matter as I never Possessed a
Weapon. Instead I was Convicted of reasonably Knowing
Someone else Involved In the underlined conspiracy could
be armed With a gun. I.E. Pinkerton theory. The P.S.I
Indicates that my offense conduct was Solely to take
the drugs and run, Hardly a violent Crime. ♦ Please
restore my 3621 'E' eligibility. Thank you.

(Do not write below this line)

DISPOSITION:

Your offense falls in the category of "Crimes of Violence," this
Classification makes you ineligible for 3621(e) early release.

| [signature] Staff Member | Date 4/11/07. |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 6**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Minotti, Jon P. | 25230-038 | P-Unit | FPC Cumberland |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**  Due to Program Statement 5162.04, §§5 & 6, my 924(c) conviction is being used to deny me 3621(e) early release benefits, due to my crime being automatically categorized as a "crime of violence." This has been done at the discretion of the Director of the Bureau of Prisons in promulgating 5162.04. In my particular case, however, I was convicted of 924(c) through artifice known as "Pinkerton Theory" whereby I was convicted by a judge, on a preponderance of the evidence, of having "reasonable foreseeability" that a gun would be involved in the criminal offense, due to one participant being a law enforcement officer. At no time did I possess a weapon. At no time did I desire or request that a weapon be present. In fact, as contained in the sentencing transcripts (Attachment "A") and my Presentence Investigation Report, I had no interaction with any weapons at all, and fled the scene of the crime, unarmed. During the entire offense conduct, I was never violent, nor was I ever armed. Therefore, I ask you make an exception to the general exclusion of 924(c) offenses from receiving early release benefits, as the Program Statement clearly did not contemplate my unique circumstances. Please restore my 3621(e) eligibility at your earliest convenience. I have attached my BP8.5, my third attempt to informally resolve this matter, none of which have proven successful, as the RDAP Coordinator does not feel he has the authority to supercede the Program Statement's general prohibitions against early release benefits for 924(c) convictions. Thank you.

| 4-12-07 | Jon P. Minotti |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) | BP-229(13) APRIL 1982 |
|---|---|---|

USP LVN                Printed on Recycled Paper

RECEIPT - ADMINISTRATIVE REMEDY

DATE: APRIL 20, 2007

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CUMBERLAND FCI

TO  : JON PAGE MINOTTI, 25230-038
      CUMBERLAND FCI    UNT: CAMP PGM    QTR: P03-191U

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 449351-F1
DATE RECEIVED   : APRIL 16, 2007
RESPONSE DUE    : MAY 6, 2007
SUBJECT 1       : SUBSTANCE ABUSE PROGRAMS
SUBJECT 2       :
INCIDENT RPT NO:

FEDERAL CORRECTIONAL INSTITUTION, CUMBERLAND, MARYLAND
PART B: RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY 449351-F1

This is the response to your Inmate Request For Administrative Remedy in which you are requesting to be granted 3621 (e) early release eligibility.

According to Residential Drug Abuse Program (RDAP), Program Statement 5162.04, "Rules for Determining Early Release Eligibility for Instant Offense Convictions," all offenses which are considered crimes of violence preclude the inmate from receiving early release benefits. Your offense, Title 21: 924 c "A Firearm Used in a Violent or Drug Trafficking Crime," is classified as a crime of violence and therefore you are not eligible for 3621 (e) early release benefits. Additionally, the fact that you have no violent history nor your perceived involvement in your instant offense, mitigates your exclusion because of your instant offense and its classification as a crime of violence.

Based on this information your request for 3621 (e) early release eligibility is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director at Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701. Your appeal must be received in the Mid-Atlantic Regional office within 20 days of this response.

_5/11/07_
Date

_J. Oakley Jr,_
Lisa J. W. Hollingsworth, Warden

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Minotti__    __Jon__    __P.__        __25230-038__    __P-Unit__    __FPC Cumberland__
     LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.        UNIT            INSTITUTION

### Part A—REASON FOR APPEAL

I am being denied 3621(e) eligibility due to my conviction under 18 U.S.C. 924(c). Please refer to my BP-9 as to the specific offense characteritics that I believe should exempt me from the general prohibition against the 3621(e) reduction for "gun possession" cases. Warden Hollingsworth, via J. Coakley, denied my request for granting 3621(e) eligibility, utilizing the language of P.S. 5162.04. 18 USC 16 defines crimes of violence, the particulars are noteworthy in that my offense characteristics do not fit the definition at all. My conviction of a firearm offense is being used to arbitrarily deny me 3621(e) eligibility. The RDAP Coordinator at FPC Cumberland, Dr. Leon Bryan, concurs with my claim that the blanket denial of reduction for 18 USC 924(c) cases did not take into account my unique circumstances. He indicated that he was without the authority to grant me eligibility, but would if given that authority. If your office is unable to grant me 3621(e) reduction, ████████████████████████████████████████████████████ please state in writing the specific reasons, outside of a general prohibition, why my particular case should be denied eligibility, given the circumstance of never having a weapon, and fleeing the scene of the drug crime, which singularly or combined attest to my nonviolent status. Thank you.

__5-15-07__                          __Jon P Minotti__
DATE                                SIGNATURE OF REQUESTER

### Part B—RESPONSE

---

DATE                                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

---

### Part C—RECEIPT

CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

# Regional Administrative Remedy Appeal
## Part B - Response

**Date Filed: May17, 2007**                **Remedy No.: 449351-R1**

You appeal the Warden's response to your Request for
Administrative Remedy.  You request consideration for early
release pursuant to Title 18, U.S.C. §3621(e).

In accordance with Title 18, U.S.C. §3621(e) and
Program Statement 5330.10, <u>Drug Abuse Programs Manual, Inmate</u>, an
inmate whose current offense is a crime of violence, as defined
in Program Statement 5162.04, <u>Categorization of Offenses</u>, is
ineligible for early release pursuant to Title 18, U.S.C.
§3621(e).  According to the <u>Categorization of Offenses</u> program
statement, a conviction under Title 18, U.S.C. §924 c, possession
or use of a firearm in a violent or drug trafficking crime, is
categorized as a violent crime in all cases.  Since you were
convicted of violating  Title 18, U.S.C. §924 c, you are not
eligible for early release pursuant to Title 18, U.S.C. §3621(e).
The above program statements do not allow the use of discretion
to make you eligible for early release.

Your appeal of the Warden's response is denied.  If you are
dissatisfied with this response, you may appeal to the General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C.  20534.  Your appeal must be received in the
General Counsel's Office within 30 days from the date of this
response.

JUN 1 9 2007
_____
Date

_____
K. M. White
Regional Director
Mid-Atlantic Region

**Administrative Remedy No. 449351-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
in which you appeal your ineligibility for early release
consideration pursuant to 18 U.S.C. § 3621(e). You request
reconsideration for early release under 18 U.S.C. § 3621(e).

18 U.S.C. § 3621(e) provides the Director of the Bureau of
Prisons (BOP) the discretion to grant a sentence reduction of not
more than one year upon the successful completion of the
Residential Drug Abuse Program (RDAP). The exercise of this
discretion is described in 28 C.F.R. § 550.58 and Program
Statement 5330.10, Drug Abuse Programs Manual. The regulation at
§ 550.58 states in pertinent part: "The following categories of
inmates are not eligible [for early release]: . . . inmates
whose current offense is a felony . . . that involved the
carrying, possession, or use of a firearm or other dangerous
weapon or explosives. . . ." Furthermore, on January 10, 2001,
in Lopez v. Davis, the United States Supreme Court upheld 28
C.F.R. § 550.58 as a permissible exercise of discretion by the
Director of the BOP under 18 U.S.C. § 3621(e)(2)(B).

Records indicate you began participating in the RDAP on
December 20, 2005. Among other offenses, you were convicted of
18 U.S.C. § 924(c)(1)(A), Using or Carrying a Firearm During and
in Relation to a Drug Trafficking Crime and Possession of a
Firearm in Furtherance of a Drug Trafficking Offense. The above
referenced regulation and P.S. 5162.04, Categorization of
Offenses, Section 6, identify 18 U.S.C. § 924(c) as a crime of
violence in all cases. There is no entitlement to an early
release but it is at the Director's discretion. Therefore,
consistent with the above referenced statute, regulation, and
program statements, we find that you are precluded from receiving
a sentence reduction.

Accordingly, your appeal is denied.

August 31, 2007
Date

Harrell Watts, Administrator,
National Inmate Appeals

**EXHIBIT 3**
**SENTENCING TRANSCRIPT**

1   both the circumstances that led him to the commission of

2   the drug crimes but also the going forward circumstances

3   and how that may affect the need for punishment,

4   rehabilitation and so on, I think that there is less

5   need for a strong sentence given the personal

6   circumstances to the defendant and the likelihood of

7   recidivism, although any time the drug demon takes over,

8   there is that possibility.

9           On the other hand, I turn to the other

10  offense, which is the carrying.  I don't think it's

11  appropriate to undercut the conviction by suggesting

12  that the Pinkerton theory itself is a reason for a light

13  sentence.  On the other hand, I think the Congress has

14  recognized and it's reflected in the -- I think actually

15  in an application under the guidelines, that's the way I

16  read it, that Congress's purpose was to be sure that

17  drug dealers who carried firearms were treated more

18  seriously than drug dealers who don't.  In this case we

19  have an odd circumstance because it isn't the drug

20  dealer per se who's armed.  Instead, it's the field the

21  person who's authorized by law to carry the firearm

22  he's doing it in a very illegitimate way, but it's not

23  quite the same as -- to protect himself or another

24  character he is to worry -- as if Ruiz was carrying it or

25  Bucci.  It's a corruption of the officer's

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JON MINOTTI**
**Fed Reg. No. 25230-038**
**FCI CUMBERLAND**
**PO Box 1000**
**Cumberland, MD 21501-1000,**

              **Plaintiff,**

        **v.**

**HARLEY G. LAPPIN, DIRECTOR,**
**FEDERAL BUREAU OF PRISONS**
**320 First Street, N.W.**
**Washington, D.C. 20534,**

**FEDERAL BUREAU OF PRISONS,**
**320 First Street, N.W.**
**Washington, D.C. 20534,**

            **Defendants.**

**Civil No. _____**

## TEMPORARY RESTRAINING ORDER

      Upon consideration of plaintiff Jon Minotti's Motion for a Temporary Restraining

Order, any response thereto and the entire record herein, it is this ___ day of November

2007, and the Court having found that:

      1.     Plaintiff will suffer irreparable harm and loss if defendants are not

required to reverse their order denying plaintiff consideration for a reduction of sentence;

      2.     Plaintiff has no adequate remedy at law;

      3.     Greater injury will be inflicted upon plaintiff by the denial of preliminary

injunctive relief than would be inflicted upon defendant by the granting of such relief;

and,

4.    The public interest favors the issuance of this order; it is this _____ day of November 2007,

**ORDERED** that defendants are preliminarily enjoined, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative and/or employee of defendant until hearing and thereafter until further Order of this Court from denying plaintiff consideration for placement in and a reduction of sentence pursuant to the RDAP program; and it is further

**ORDERED** that this Order shall remain in force and effect until such time as this Court specifically orders otherwise.

_____
DISTRICT JUDGE

Copies to:

Brian Shaughnessy
SHAUGHNESSY, VOLZER & GAGNER, P.C.
913 M Street, N.W.
Suite 101
Washington, D.C.  20005

U.S. Attorney for the District of Columbia
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C.  20001

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JON MINOTTI**
**Fed Reg. No. 25230-038**
**FCI CUMBERLAND**
**PO Box 1000**
**Cumberland, MD 21501-1000,**

                **Plaintiff,**

      **v.**

**HARLEY G. LAPPIN, DIRECTOR,**
**FEDERAL BUREAU OF PRISONS**    **Civil No. _____**
**320 First Street, N.W.**
**Washington, D.C. 20534,**

**FEDERAL BUREAU OF PRISONS,**
**320 First Street, N.W.**
**Washington, D.C. 20534,**

            **Defendants.**

## CERTIFICATE OF NOTICE PURSUANT TO LOCAL RULE 65.1

      Counsel for plaintiff Jon Minotti, pursuant to Local Rule 65.1, certifies as follows:

1.     The time of making the application for a temporary restraining order is ___ pm on November ___, 2007.

2.     Copies of all pleadings and papers filed in the action to date or to be presented to the court at the hearing, have been furnished to the adverse parties by hand-delivery service on their attorney, the United States Attorney for the District of Columbia.

Respectfully submitted,


_____ /S/ _____
Brian W. Shaughnessy, DC 89946
913 M Street, N.W.
Suite 101
Washington, D.C. 20001
(202) 842-1700

Attorney for Plaintiff
Jon Minotti