UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JON MINOTTI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-2006 (JR) |
| HARLEY G. LAPPIN, DIRECTOR, FEDERAL BUREAU OF PRISONS, et al. | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS AND OPPOSITION TO MOTION
FOR PRELIMINARY INJUNCTION**

Harley Lappin, Director, Federal Bureau of Prisons ("BOP") and the BOP ("Defendants") through the undersigned counsel, respectfully move, pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6), to dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief and oppose the Motion for Preliminary Injunction pursuant to Fed. R. Civ. P. 65(b). Jon Minotti ("Plaintiff"), Register Number, 25230-038, brings this action seeking declaratory and injunctive relief on the grounds that Defendants improperly denied him a sentence reduction under 18 U.S.C. §3621(e).

In support of this motion, Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and attachments thereto, and to the entire record in this case. A proposed Order consistent with the relief sought herein is attached.

December 17, 2007        Respectfully submitted,

   /s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    \_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)
kenneth.adebonojo@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JON MINOTTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-2006 (JR) |
| HARLEY G. LAPPIN, DIRECTOR, ) | |
| FEDERAL BUREAU OF PRISONS, et al.) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AND OPPOSITION TO MOTION
FOR PRELIMINARY INJUNCTION**

Harley Lappin, Director, Federal Bureau of Prisons ("BOP") and the BOP ("Defendants") through the undersigned counsel, respectfully move, pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6), to dismiss Plaintiff's Complaint for Declaratory and Injunctive Relief and oppose the Motion for Preliminary Injunction filed pursuant to Fed. R. Civ. P. 65(b).

### I. STATEMENT OF THE CASE

Plaintiff, a Federal inmate incarcerated in Cumberland, Maryland brings this action seeking an injunction against Defendants, compelling a reversal of the denial of his request for a sentence reduction. Plaintiff has a heavy burden to carry to establish that he is entitled to the relief sought. Plaintiff is not entitled to the extraordinary relief of preliminary injunction because all of his claims lack merit. Plaintiff should have filed this action as a habeas because he seeks a quicker release than he was sentenced to serve. Because he failed to do so, the court lacks subject matter jurisdiction to hear his claims and, in this District, the action is improperly venued.

Plaintiff fails to state any claim entitling him to any relief because his arguments fail to address that Defendants acted properly in denying a sentence reduction under its own regulations.

## II.  FACTUAL BACKGROUND

On July 13, 2006, Plaintiff was sentenced, on pleas entered on October 12, 2005 and November 29, 2005, to 54 months of incarceration on four counts of conspiracy and possession with intent to distribute cocaine.[1]  *See* Affidavit of Paul C. Kurtz, *Ex*. 1, attached to Pl. Compl. ("Kurtz Aff."). Specifically, *inter alia*, Plaintiff pled to Possession of a Firearm in Furtherance of a Drug Trafficking Offense, 18 U.S.C. §924(c)(1)(A). Although Plaintiff alleges that at no time during the phony interdiction did he possess a firearm of any kind, he was nevertheless sentenced as if he did because it was foreseeable that a firearm would be used in furtherance of the robbery.  *Pinkerton v. United States*, 328 U.S. 640 (1946).[2]  Pl. Compl. at ¶10. The sentencing judge recommended that Plaintiff be permitted to participate in the BOP's Residential Drug Abuse Program ("RDAP").  Kurtz Aff., *Ex*. 1.

---

[1]  The charges arose from Plaintiff's involvement in a conspiracy, along with three other men, including a police officer, to steal three kilograms of cocaine from a drug dealer, Carlos Ruiz.  *U.S. v. Minotti*, 04-cr-10325, *Docket Entry* 51.  The conspiracy called for the police officer conspirator to happen upon the scene, on duty, during Plaintiff's three-kilogram cocaine purchase and for Plaintiff to abscond with the three kilograms.  *Id*.  Apparently, as part of the conspiracy, Mr. Ruiz was to be told that, while in hot pursuit, Plaintiff abandoned the drugs in the woods.  *Id*.

[2]  In *Pinkerton*, one of two brothers indicted on conspiracy to violate the Internal Revenue Code, pled that there was insufficient evidence to implicate him in the substantive offence charged.  328 U.S. at 645.  The Court held him liable for his brother's acts because the acts were committed in furtherance of the conspiracy and attributable to both.  *Id*. at 647-48.  The Court noted that the criminal intent to commit a substantive violation is established by the formation of the conspiracy.  *Id*. at 647.  Each conspirator instigated the commission of the crime.  *Id*.  The unlawful agreement contemplated precisely what was done.  *Id*.  It was formed for that purpose.  *Id*.  The overt act of one partner is attributable to all.  *Id*.

At the time Plaintiff commenced his participation in the RDAP program on or about December 20, 2006, BOP informed him that he was ineligible for a sentence reduction under 18 U.S.C. 3621(e) because his conviction was considered to be a "crime of violence," which disqualified Plaintiff for eligibility for sentence reduction.  Pl. Compl. at ¶12; Kurtz Aff. at ¶4.  Plaintiff filed timely appeals of denials of eligibility for sentence reduction, resulting in a final denial.  *Id*.  Plaintiff therefore exhausted his appeals.  *Id*. at ¶6.  Plaintiff was denied early release because "the statute, regulation, and program statements, preclude[] [Plaintiff] for receiving the sentence reduction."  *See* Kurtz Aff. *Ex*. 2.  Letter of Denial from Harrell Watts, Administrator, National Inmate Appeals dated August 31, 2007.

Plaintiff commenced this action on November 6, 2007, seeking a declaration that Defendants improperly denied Plaintiff enrollment in RDAP and ordering Defendants to reconsider Plaintiff's eligibility for placement and sentence reduction under "proper standards."  Pl. Compl. at 5; Mot. for Prelim. Inj. at 1-2.  Plaintiff contends that the denial constitutes a violation of his due process and equal protection rights under the constitution.  Pl. Compl. at ¶20.  Plaintiff alleges that if Defendants applied the proper standards, he would be eligible for release as early as March 8, 2008, instead of 2009, as currently scheduled.  Pl. Compl. at ¶¶14-15; TRO Br. at 2-3.  Plaintiff contends that, in determining whether Plaintiff was involved in a crime of violence for 3621(e) eligibility purposes, Defendants should look to other statutes and not its own and/or Plaintiff's entry of a plea of guilty under *Pinkerton*.  Pl. Compl. at ¶16.  On November 11, 2007, the Court denied Plaintiff's request for a temporary restraining order.

**ARGUMENT**

PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

Injunctive relief is an extraordinary form of judicial relief that courts should grant very sparingly and only when the "movant, by a clear showing, carries the burden of persuasion." *Mazuzek v. Armstrong*, 520 U.S. 968, 972 (1997). Furthermore, a preliminary injunction must be carefully circumscribed and "tailored to remedy the harm shown." *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990); *Kotz v. Lappin*, 2007 U.S. Dist. Lexis 75020 *7 (D.D.C. 2007)(denying plaintiff's motion for a preliminary injunction to compel the BOP to grant a another sentence reduction after he completed his second RDAP because he failed to demonstrate a substantial likelihood of success on the merits). A party is entitled to injunctive relief only when it demonstrates (1) a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury if the relief is not granted; (3) that an injunction would not substantially injure another interested party; and (4) that the public interest would be furthered by the injunction. *Mova Farm Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998); *Kotz*, *supra*, at 6.

No Substantial Likelihood of Success on the Merits

**Defendants Have Not Waived Sovereign Immunity for Plaintiff's Claims**

To the extent that Plaintiff seeks damages for alleged constitutional violations against the Defendants in their official capacities, these claims must be dismissed absent a waiver of sovereign immunity. *F.D.I.C. v. Meyer,* 510 U.S. 471, 474 (1994); *Meyer v. Reno*, 911 F. Supp. 11 (D.D.C. 1996); *Marshall v. Reno*, 915 F. Supp. 426 (D.D.C. 1996); *Deutsch v. U.S. Dept. of Justice*, 881 F. Supp. 49, 55 (D.D.C. 1995). The inherent sovereign immunity of the United

States protects it and its agencies from suit absent express waiver. *See United States v. Nordic Village*, 503 U.S. 30 (1992). Sovereign immunity also bars suits for money damages against officials in their official capacities for nondiscretionary acts absent a specific waiver by the government. *Clark v. Library of Congress*, 750 F.2d 89, 101-02 (D.C. Cir. 1984).

Plaintiff commenced this action pursuant to 18 U.S.C. 3626, which is captioned Appropriate Remedies With Respect to Prison *Conditions* [emphasis added]. Plaintiff's jurisdictional contention is that 18 U.S.C. 3626(g) defines "civil action with respect to prison conditions" to include challenges to the "effect of action by government officials on the lives [of inmates]." Plaintiff omits to note that the same section excludes actions "challenging the fact or duration of confinement." Apparently, the statute does not contemplate a habeas action as a civil action with respect to prison conditions. Therefore, since he is seeking a sentence reduction, Plaintiff cannot bring this action as one affecting the lives or inmates because the definition of an action under the statute excludes such actions from its ambit. Stated otherwise, the purported waiver of sovereign immunity alleged does not include the type of action Plaintiff brings therefore this action is jurisdictionally barred as pled under the doctrine of sovereign immunity.

**Since This is a Habeas Action Venue is Improper**

Since this action should have been brought as a habeas petition but was not, it should be dismissed for lack of proper venue. Moreover, insofar as he seeks to enjoin his further incarceration, his claim must be brought against his warden in the jurisdiction of his incarceration, by way of a petition for writ of habeas corpus. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc) (a federal prisoner's attack on the "fact or duration" of his confinement is relegated to § 2241 habeas relief which must be brought in the federal district

of incarceration); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"); *see also* 28 U.S.C. § 2241(a) (stating that district courts are limited to granting habeas relief "within their respective jurisdictions").

Plaintiff's complaint seeks an order requiring Defendants to reduce his sentence from his expected release date of September 8, 2009, until as early as March 8, 2008. Pl. Compl. at ¶¶14-15. In other words, Plaintiff's challenge to the denial of his eligibility for a one-year reduction in his sentence constitutes a habeas petition. *Bazan v. Bureau of Prisons*, 1999 U.S. App. Lexis 3997, *1-2 (D.C. Cir. 1999) (transferring the petitioner's claims for a sentence reduction to the United States District Court for the Northern District of Texas where his custodian resided). Plaintiff attempts to circumvent the fact that this action should be brought as a habeas petition and that venue is improper by pleading that review is appropriate under the Administrative Procedure Act because the decision to deny Plaintiff sentence a reduction happened in Washington. However, the APA is inapplicable to matters of imprisonment. *Tanner v. Fed Bureau of Prisons*, 433 F.Supp. 117, 121 n5 (D.D.C. 2006).

**Defendants Properly Denied Plaintiff A Sentence Reduction**

The relevant statute provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced...but such reduction may not be more than one year from the term the prisoner must otherwise serve.
> 18 U.S.C. §3621(e)(2)(B)

BOP's implementing regulation provides that, as an exercise of the BOP Director's discretion, inmates whose current offense is a felony involving the carrying, possession, or use of

a firearm is not eligible for said sentence reduction. 28 C.F.R. §550.58; BOP PS 5162.04 (defining as crimes of violence charges to which Plaintiff pled guilty as well as robberies involving controlled substances and inchoate crimes). In *Lopez v. Davis*, 531 U.S. 230 (2001), a habeas petitioner challenged Defendants' denial of his sentence reduction on the grounds that his conviction for possession of drugs was a nonviolent crime and that the fact that he had a gun at the time should not change that status. *Id*. at 236. The Supreme Court framed the issue as whether Defendants had the authority to delineate an additional category of ineligible inmates in addition to the nonviolent offenders specifically mentioned in the statute. *Id*. at 237. The Court held that, by adding felons who possess firearms during their crimes to violent criminals, Defendants properly filled a gap left by Congress regarding what category of inmate is in addition of violent inmates are ineligible for sentence reductions. *Id*. at 232.

In this case, Plaintiff argues that Defendants' denial of his eligibility for sentence reduction is improper because his offense was not a crime of violence because he did not possess a firearm when it occurred. Plaintiff argues that Defendants should use the offense statute to determine whether the offense was a crime of violence. In this case, 18 U.S.C. §924(c) requires use or possession of a firearm for the defendant to be found guilty. He argues that he never used or possessed a firearm during the robbery involving himself and his coconspirators. In support of this proposition, Plaintiff cites case law that deals with coconspirator liability under the Federal Sentencing Guidelines. *In re Sealed Case*, 105 F.3d 1460 (D.C. Cir. 1997); *United States v. Harrison*, 931 F.2d 65 (D.C. Cir. 1991).

These cases are wholly irrelevant to Plaintiff's guilty plea to possession of a firearm during a drug offense and his *Pinkerton* liability. The issue is not coconspirator liability under

the Federal Sentencing Guidelines, but whether Defendants properly denied Plaintiff a sentence reduction under its own statute and regulations. The Supreme Court has reviewed Defendants' regulations and found them to be a proper exercise of Agency discretion. *Lopez*, *supra*. Defendants properly categorized Plaintiff's criminal conduct as a crime of violence under its regulations because the fact that one of his coconspirators possessed a firearm during the robbery and that possession furthered the conspiracy means that all the coconspirators possessed that firearm. *Pinkerton*, *supra*.

Plaintiff also argues that he acquired a liberty interest when he was admitted to the RDAP and then denied the sentence reduction arbitrarily and capriciously. He also argues that he acquired a liberty interest from the BOP Program Statements which were denied without due process. *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980); *Walker v. Hughes*, 558 F.2d 1247, 1977 U.S. App. Lexis 12732 (6th Cir. 1977).

These cases are wholly inapposite to the within issue. In those cases, the courts held that a liberty interest may arise when the language of the program statement is sufficiently specific. *Bills*, *supra*, at 1294. Clearly, no such liberty interest could exist here where the statute and regulations state that Defendants *may* grant a sentence reduction even when the inmate completes the program. *Lopez*, *supra*, 531 U.S. at 241; *Swant v. Hemingway*, 2001 U.S. App. Lexis 23797 (6th Cir. 2001)(reversing in light of the then-recent *Lopez* decision). Besides, inmates have no protected liberty interest or entitlement to participating in rehabilitative programs. *Kotz*, *supra*, 2007 U.S. Dist. Lexis 75020 at 9 (citing *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976)). In *Kotz*, the Court also rejected the program statement liberty interest argument on the same

grounds.[3]

### Plaintiff Has Not Demonstrated That Irreparable Injury Is Imminent

Absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary process of administration and judicial review. *Kotz*, *supra*, at 6. Nevertheless, Plaintiff must also demonstrate that the injury is certain, great, actual and not theoretical. *Id*. (citing *Wis. Gas Co. v. Fed. Energy Reg. Comm'n*, 758 F.2d 669 (D.C. Cir. 1985)). Plaintiff argues that he will suffer irreparable harm because of "the loss of liberty that he had expected and was entitled to, but deprived" of. Pl. Br. at 7. The premise of Plaintiff's argument is incorrect because, under these circumstances, there is no basis for a legitimate expectation of liberty. Plaintiff was involved in a conspiracy to rob an individual of drugs and a gun was used during the robbery. As this is clearly defined as a crime of violence that would deprive Plaintiff of a sentence reduction, there were no grounds for a legitimate expectation of a sentence reduction. In fact, Plaintiff was made aware when he was enrolled in the RDAP that he would not be eligible for a sentence reduction. Pl. Compl. at ¶12. There can be no irreparable injury where Plaintiff had been told from the onset that he was not eligible for a reduced sentence and he was not in fact eligible for the reduction. Therefore, Plaintiff was not be prejudiced. *Kotz*, *supra*. On the contrary, a ruling for Plaintiff could jeopardize Defendants' RDAP and sentence reduction programs by casting a shadow over Defendants' regulations that is unwarranted especially where they have already been upheld by the Supreme Court.

### The Public Interest Would Be Furthered By The Injunction

---

[3] Opposing Counsel was the attorney of record in the *Kotz* case and the court rejected these identical arguments as it also did in *Tanner v. Bureau of Prisons*, 2006 U.S. Dist. Lexis 29990, *13-14 (D.D.C. 2006).

Plaintiff cannot demonstrate that an injunction furthers the public interest because it could potentially mean that violent felons could be back on the streets sooner than their sentences require. Defendants considered the relevant issues carefully and defined a crime of violence in a way that serves the public interest by targeting gun possessors and recidivists. The regulations serve the public interest by keeping streets free of violent offenders and at the same time giving violent offenders more time to adjust before returning to society.

By conspiring to participate in a robbery in which his coconspirator utilized a gun, violence was as likely to erupt as if Plaintiff himself carried the gun. As such, he participated in a crime of violence.

## CONCLUSION

For all the reasons explained above, Defendants' Motion to Dismiss and in Opposition to Plaintiff's Motion for a Preliminary Injunction should be granted.

December 17, 2007          Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)
kenneth.adebonojo@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JON MINOTTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-2006 (JR) |
| HARLEY G. LAPPIN, DIRECTOR, ) | |
| FEDERAL BUREAU OF PRISONS, et al.) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

UPON CONSIDERATION of the Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for a Preliminary Injunction, support thereof, the grounds stated therefor and the entire record in this matter, it is by the Court this ____ day of _____, 2007, hereby

ORDERED that the said motion be and hereby is granted; and it is

FURTHER ORDERED Plaintiff's motion is denied and complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE