UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JON MINOTTI
Fed Reg. No. 25230-038
FCI CUMBERLAND
PO Box 1000
Cumberland, MD 21501-1000,

      Plaintiff,

v.

HARLEY G. LAPPIN, DIRECTOR,
FEDERAL BUREAU OF PRISONS
320 First Street, N.W.
Washington, D.C. 20534,

FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.
Washington, D.C. 20534,

      Defendants.

Civil Action No.: 07-2006 (JR)

## PLAINTIFF MINOTTI'S REPLY
## TO THE DIRECTION OF THE COURT

COMES NOW plaintiff Jon Minotti, by and through counsel, and, as directed by the Court, submits this Reply to the remaining part of the Government's Motion to Dismiss.

### FACTUAL BACKGROUND

On December 19, 2007, following a motion hearing, the Court denied Plaintiff Minotti's Motion for Permanent Injunction, denied in part the Motion to Dismiss filed by Defendants Lappin and the Federal Bureau of Prisons ("BOP"), and called for a briefing on the issue of BOP discretion; *i.e.,* the lawfulness of the BOP regulation at issue viewed through the lens of the applicable statute. The Court also requested an explanation of

exactly how the BOP's Residential Drug Abuse Program ("RDAP") works, its possible variations, and its application to this case.

**QUESTION PRESENTED**

Can the BOP categorize an individual inmate as being among the group of inmates not eligible for the 18 U.S.C. § 3621(e) sentence reduction if that inmate has been convicted of violating 18 U.S.C. § 924(c) (Possession of a Firearm During and in Relation to a Drug Crime) pursuant to the *Pinkerton Theory*, but never having actually or constructively possessed the firearm? Plainly, the answer is no

**ARGUMENT**

I.  **18 U.S.C. § 3621(e) and RDAP.**

18 U.S.C. § 3621(e)(2) is the applicable portion of the statute and it provides that:

> (2) Incentive for prisoners' successful completion of treatment program.
>
> (A) Generally. - Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.
> (B) Period of custody. - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Moreover, specific regulations and BOP Program Statements are based upon the authority granted by the enabling statute; to wit, 28 C.F.R. § 550.50, PS 5330.10, and PS 5331.01.

BOP Program Statements 5330.10 (Chapter 6), pp. 1-3; 5162.04, pp. 3, 4, 8, & 9; and 5331.01, pp. 1-4 set forth, in pertinent part, the Bureau's specific policies regarding RDAP's operation and the categorization of inmates as to eligibility for consideration of the § 3621(e)(2) sentence reduction (Exhibit 1).

As a practical matter, RDAP works as follows: (1) when an inmate's sentence is within 36 months of expiration, he/she makes application to participate in the Residential Drug Abuse Program; (2) after an initial interview and review of the inmate's record by RDAP staff, a determination is made as to the inmate's qualification to enter the program and his/her provisional eligibility for the § 3621(e) sentence reduction; (3) the inmate makes a final election to participate in the program[1] and is placed on the RDAP "Wait List;" (4) when the next applicable RDAP class (referred to by the BOP as a "cohort" and usually containing 40± inmates) is formed, the inmate is transferred to a separate housing unit with the rest of his/her cohort; (5) the inmate begins an intensive, 500-hour, drug rehabilitation program that requires one-half day of classes, five days per week; (6) upon successful completion of the 500-hour course, the inmate is awarded a completion certificate; and, (6) if eligible, the inmate is credited with a sentence reduction as provided for in § 3621(e) and designated for a six-month placement in a Residential Re-Entry Center ("halfway house").

In the instant case, Minotti was deemed to be ineligible for the § 3621(e) sentence reduction "due to exclusionary instant offense 18:924," but elected to participate in the program and received a Certificate of Completion on September 20, 2007. *See, RDAP Notice to Inmate,* 12/11/2006 and *Certificate of Completion,* 9/20/2007 (Exhibit 2).

---

[1] Some inmates elect to participate in RDAP even though the BOP has determined that they are NOT provisionally eligible for the § 3621(e) sentence reduction. Minotti made such an election.

II.  **The Government Has Misunderstood the Issue.**

At the motion hearing, the Government argued, among other things, that the issue before the Court was merely one of an inmate seeking a reduction of sentence. The Government also relied on the Supreme Court's decision in *Lopez v. Davis,* 531 U.S. 230 (2001) to contend that the Director of the BOP may use his discretion to refuse to grant a § 3621(e) sentence reduction.

While it is true that a reduction of sentence might ultimately occur if Minotti prevails here, all he seeks is the right to be properly categorized by the BOP so that the administrative consideration of a § 3621(e) sentence reduction will be applied to him utilizing the identical criteria applied to all other non-violent offenders who have successfully completed RDAP.

As set out in out in an earlier Memorandum, Minotti does not contest the holding in *Lopez*. Clearly the Supreme Court has granted the BOP Director wide discretion in applying a categorical preclusion. But that is not the issue here. Before the Director may apply the denial of sentence reduction to a particular category of RDAP participants, he must first be certain that the underlying category of offenses have, in fact, been committed by the particular inmate*; i.e.,* for the purpose of BOP categorization, a conviction, without an examination of the sentencing determinations regarding the circumstances of the offense and a legitimate interpretation of the law underlying the BOP's regulation, should not necessarily preclude a § 3621(e) sentence reduction.

III.  **The Plain Language of the BOP's Own Program Statements Demonstrates That Minotti is Not a Violent Offender.**

BOP Program Statement 5330.10 states that inmates whose current offense is a felony "that involved the *carrying, possession, or use of a firearm* or other dangerous

4

weapon or explosives …" are not eligible for early release. *See, Exhibit 1A* (Chapter 6.1.1(a)(vi)(B), page 1) (emphasis supplied).

While Minotti's *Pinkerton Theory* § 924(c) conviction was a part of his plea agreement, it was well established at sentencing that all of the parties, including the sentencing judge, knew that he never had direct or constructive possession of a firearm and the Government did not object to this fact when it was raised several times at the motion hearing.[2]

BOP Program Statement 5162.04 (Categorization of Offenses) states that violation of 18 U.S.C. § 924(c) is a crime of violence in all cases where "firearms *used* in violent or drug trafficking crimes." *See, Exhibit 1B* (Chapter 6(a)(1)) (emphasis supplied). Accordingly, the conclusion must be that, if an inmate did NOT "use or possess" a firearm in a violent or drug trafficking crime, he can not be considered by the BOP to have committed a crime of violence. Finally, BOP Program Statement 5331.01 states that one of the eligibility criteria for early release is that "an inmate must be sentenced for a non-violent offense." *See, Exhibit 1C* (Chapter 5(a)).

Minotti contends that analysis of the BOP's Programs Statements must be subject to the same standard as that of a federal statute; *i.e.,* the "plain language" contained therein. *See, Braxtonbrown-Smith,* 278 F.3d 1348, 1352 (D.C. Cir. 2002). If the statutory language has a "plain and unambiguous meaning," the inquiry ends, provided that the resulting "statutory scheme is coherent and consistent." *United States v. Wilson,* 290 F.3d 347, 352 (D.C. Cir. 2002) (quotations and citations omitted). The determination of whether certain language is plain depends on "the language itself, the specific context in which that

---

[2] For a more expansive explanation of the circumstances, refer to the sentencing transcript excerpts attached, as Exhibit 3, to the Memorandum in Support of a TRO.

language is used, and the broader context of the statute as a whole." Id. at 353 (quotations and citations omitted).

Here it is plain that the disqualification in BOP Program Statement 5162.04 (Categorization of Offenses) is that a violation of 18 U.S.C. § 924(c) is a crime of violence for purposes of a 3621(e) sentence reduction only in cases where "firearms *used* in violent or drug trafficking crimes." *See, Exhibit 1B* (Chapter 6(a)(1) (emphasis supplied). Thus, Minotti's conviction—conceded by the prosecutors and found by the sentencing judge—was not a crime of violence since he was never in possession or used a firearm in the commission of his drug offense. Therefore, the plain language of the regulation removes Mr. Minotti from the prohibition of the reduction.

This is confirmed by the analysis in *In Re Sealed Case*, No. 95-3206 (DC Cir. Feb. 7, 1997) which held that "co-conspirator liability cannot establish possession under the "safety valve." See Plaintiff's Memorandum in Support of a Temporary Restraining Order, p. 11. Thus, the DC Circuit has found adverse to the interpretation given by the BOP regarding Minotti, which contradicts the plain language of its Program Statement 5162.04. The government can find no refuge in *Lopez*, which found that the BOP defined crimes of violence" to include a drug trafficking offense if the offender received a USSG two-level enhancement for possessing a dangerous weapon during the commission of the drug offense. Far from that, Minotti's sentencing judge granted a two level reduction in offense level ("safety valve") pursuant to § 5C1.2 without appeal by the government, which did not dispute this during the plea colloquy. See Plaintiff's Memorandum, Exhibit 1, Judgment in a Criminal Case, Statement of Reasons, I, B. 1. USSG § 5C1.2 may be applied only if, inter alia, "(2) the defendant did not use violence or credible threats of violence . . . or possess a firearm or other dangerous weapon (or induce another participant to do so) in the

6

commission of the offense." Thus, the sentencing judge made a finding, memorialized in Judgment of Conviction, which goes to the BOP, that Minotti did not possess a firearm.

Minotti submits that the language of BOP Program Statement 5162.04 has a plain and unambiguous meaning that for the exclusion to apply the defendant must himself have possessed the firearm. The case law in this Circuit and the Supreme Court confirms this and the sentencing judge conclusively found that Minotti did not use violence or possess a weapon. Since all authorities agree that the categorical exclusion permitted in *Lopez* can only be applied to a defendant who has possessed a firearm, and the sentencing court found Minotti did not possess a weapon, the BOP's application to Minotti of the categorical disqualification for a sentence reduction under § 3621(e) was improper. In order for his offense to be properly categorized by the BOP as a crime of violence, he must have "used," "carried," or "possessed" a firearm at some time during the conspiracy. And he never did.[3]

## CONCLUSION

Clearly, plaintiff Minotti's offense was non-violent, the BOP has erroneously categorized him as a violent offender, and has improperly denied his consideration of a § 3621(e) sentence reduction after his successful completion of RDAP.

Accordingly, for the foregoing reasons, plaintiff Minotti respectfully requests that the Court deny the remaining part of the Government's Motion to Dismiss; find the BOP has improperly categorized Minotti as a violent offender; order the BOP to categorize Minotti as a non-violent offender; and further order the BOP to give Minotti the same fair and full consideration of a § 3621(e) sentence reduction that it provides to other similarly situated inmates who have successfully completed RDAP.

---

[3] *See, Generally,* Memorandum in Support of a TRO (discussion of *In Re: Sealed Case,* pp. 11-12).


Respectfully submitted,

_____/s/_____
Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for Plaintiff
Jon Minotti

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of January 2008, I caused a copy of the foregoing pleading to be sent via the Court's electronic filing system to the U.S. Attorneys Office for the District of Columbia, 555 4th Street, NNW, Washington, DC  20001.

_____/s/_____
Brian W. Shaughnessy