**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

—————————————————————
                                                        )
JON MINOTTI,                                            )
                                                        )
            Plaintiff,                                  )
                                                        )
      v.                                                )
                                                        )     Civil Action No. 07-2006 (JR)
HARLEY G. LAPPIN, DIRECTOR,                             )
FEDERAL BUREAU OF PRISONS, et al.)                      )
                                                        )
            Defendants.                                 )
—————————————————————                                   )

**BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

      Plaintiff commenced this action on November 9, 2007, seeking declaratory and injunctive

relief. *Dkt. Ent*. 1 *Pl. Compl*., at 4-5.  Simultaneously, Plaintiff filed Motions for a Temporary

Restraining Order ("TRO") and Permanent Injunction ("PI").  *Dkt. ent*s. 2 and 3.  Defendants

opposed the request for injunctive relief and filed a Motion to Dismiss on December 17, 2007.

*Dkt. Ent*. 8.  The Court denied the TRO on November 9, 2007, and the PI on December 19, 2007,

at which time the Court gave Plaintiff an opportunity to oppose Defendants' Motion to Dismiss.

The only remaining issue is Plaintiff's request for a declaration that Defendants improperly

denied him a sentence reduction pursuant to 18 U.S.C. 3621(e)(2)(B).  *Pl. Compl*., at 4.

Plaintiff's sole allegation of improper denial is that Defendants did not review the "underlying

category of [Plaintiff's] offenses."  *Pl. Opp*. at 5.  Plaintiff's complaint for declaratory relief

should be dismissed with prejudice because the determination of a prisoner's eligibility for a

sentence reduction under the Residential Drug Abuse Program ("RDAP") is committed to

Defendants' broad, almost unreviewable discretion.  *Lopez v. Davis*, 531 U.S. 230 (2001);

*Richardson v. Joslin*, 501 F.3d 415, 417 (5th Cir 2007; *Kotz v. Lappin*, 515 F.Supp.2d 143

(D.D.C. 2007).

Plaintiff was sentenced pursuant to a plea to Possession of a Firearm in Furtherance of a

Drug Trafficking Offense, 18 U.S.C. §924(c)(1)(A), under the Pinkerton Theory.[1]  Without

clearly stating upon which waiver of sovereign immunity he relies and, to the extent it can be

made out, the gravamen of Plaintiff's complaint appears to be that, because he pled to *Pinkerton*

liability, he was improperly denied a sentence reduction because he did not carry, use or possess

a firearm during the commission of the crime for which he is incarcerated.[2]  *Pl. Reply* at 4-5.

Plaintiff's request for declaratory relief is meritless because Defendants have discretion to deny a

sentence reduction request based on a prisoner's plea alone without considering the prisoner's

characterization of his plea.  Notwithstanding, Plaintiff makes no allegation and submits no

evidence that a review was not performed.  Plaintiff baselessly alleges that the procedure must

have been improper simply because he was denied a sentence reduction.  Case law supports

---

[1]    The charges arose from Plaintiff's involvement in a conspiracy, along with three other men, including a police officer, to steal three kilograms of cocaine from a drug dealer, Carlos Ruiz.  *U.S. v. Minotti*, 04-cr-10325, *Docket Entry* 51.  The conspiracy called for the police officer conspirator to happen upon the scene, on duty, during Plaintiff's three-kilogram cocaine purchase and for Plaintiff to abscond with the three kilograms.  *Id*.  Apparently, as part of the conspiracy, Mr. Ruiz was to be told that, while in hot pursuit, Plaintiff abandoned the drugs in the woods.  *Id*.

[2]    At the heart of Plaintiff's case is his plea to *Pinkerton* liability.  *Pinkerton v. United States*, 328 U.S. 640 (1946).  Under this theory, a person may be held liable for crimes committed by a co-conspirator if those crimes are within the scope of the conspiracy, committed in furtherance of conspiracy and are reasonably foreseeable as a consequence of the conspiracy. *United States v. Combs*, 2007 U.S. App. Lexis 25949 *3-*4, n.1 (6th Cir. 2007)(upholding defendant's conviction on possession of a firearm that was not on her person but in a home where methamphetamines were manufactured); *United States v. Lopez-Arias*, 2008 U.S. App. Lexis 823 (3d Cir. 2008)(upholding a *Pinkerton* plea on possession of a firearm where the defendant never physically possessed the firearm but it was foreseeable that one would be present).

Defendants' actions.

First, mandamus is an extraordinary remedy reserved for extraordinary situations; a party seeking mandamus has the burden to show a right to issuance of the writ is clear and indisputable. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988). Despite Plaintiff's protestations, disposition of this case is governed by *Lopez v. Davis*, 531 U.S. 230 (2001). It is disingenuous for Plaintiff to, in one breath, agree that issues related to RDAP sentence reductions are committed to Defendants' discretion under *Lopez*, and yet in another suggest that Defendant improperly denied Plaintiff a sentence reduction. Plaintiff cannot have it both ways. To be sure, in *Lopez*, the Supreme Court held that Defendants' implementing regulation denying early release to prisoners whose current offense is a felony attended by "the carrying, possession, or use of a firearm" was a permissible exercise of discretion under 18 U.S.C. § 3621(e)(2)(B). *Id*. at 232. In other words, Defendants' broad discretion, as set forth in *Lopez*, makes the denial of early release to Plaintiff based on his plea and without an independent review of the facts underlying same proper. Defendants have unreviewable discretion in this area. *Davis v. Beeler*, 960 F.Supp. 483, 489 (E.D. Ky 1996); *Richardson v. Joslin*, 501 F.3d 415, 417 (5th Cir 2007)(denying a prisoner's request for a sentence reduction based on the "presence of weapons" though the prisoner had none on his persons); *Boucher v. Lamanna*, 27 Fed Appx. 279, 280 (6th Cir. 2001)(affirming dismissal of a habeas petition because the BOP had the discretion to determine that the inmate's possession of firearms during the commission of a felony suggested a readiness to resort to life-endangering violence).

To the extent Plaintiff's pleadings suggest a due process violation, that question was recently answered by another court in this district. In *Kotz v. Lappin*, 515 F.Supp.2d 143 (D.D.C.

2007), plaintiff sought an order compelling the BOP to reverse its denial of a sentence reduction

where plaintiff had already received a previous sentence reduction.  In denying this motion, the

court noted that a cause of action for denial of due process was not made because prisoners have

no protected liberty interest or entitlement in participating in rehabilitative programs.  *Id.*, at 149

(citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)).  *Kotz* also noted that Congress has given

the BOP full discretion to control rehabilitation programs in the federal prison system.  *Id*. at 149.

Accordingly, Defendants contend that Plaintiff has not alleged any facts that state a claim upon

which relief can be granted.  His allegations are speculative, conclusory and baseless.

 Upon the foregoing, Defendants reiterate that dismissal is proper and Plaintiff's

complaint should be dismissed with prejudice.

January 29, 2008      Respectfully submitted,

           _/s/_____
           JEFFREY A. TAYLOR, D.C. BAR # 498610
           United States Attorney

           _/s/_____
           RUDOLPH CONTRERAS, D.C. BAR # 434122
           Assistant United States Attorney

           _/s/_____
           KENNETH ADEBONOJO
           Assistant United States Attorney
           Judiciary Center Building
           555 4th Street, N.W. – Civil Division
           Washington, D.C.  20530
           (202) 514-7157
           (202) 514-8780 (facsimile)
           kenneth.adebonojo@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 29th day of January 2008, I caused the foregoing Defendants' Reply

to Plaintiff's Opposition to Defendants' Motion to Dismiss to be served on Plaintiff's attorney,

Brian W. Shaughnessy, via the Court's Electronic Case Filing system.

                                    _/s/_____
                                    KENNETH ADEBONOJO
                                    Assistant United States Attorney
                                    Judiciary Center Building
                                    555 4th Street, N.W. – Civil Division
                                    Washington, D.C.  20530
                                    (202) 514-7157
                                    (202) 514-8780 (facsimile)