UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JON MINOTTI
Fed Reg. No. 25230-038
FCI CUMBERLAND
PO Box 1000
Cumberland, MD 21501-1000,

    Plaintiff,

v.                                                                         Civil Action No.: 07-2006 (JR)

HARLEY G. LAPPIN, DIRECTOR,
FEDERAL BUREAU OF PRISONS
320 First Street, N.W.
Washington, D.C. 20534,

FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.
Washington, D.C. 20534,

    Defendants.

**PLAINTIFF MINOTTI'S SUPPLEMENTAL
REPLY TO THE DIRECTION OF THE COURT
AND REQUEST FOR EXPEDITED DETERMINATION**

COMES NOW plaintiff Jon Minotti, by and through counsel, and, submits this Supplement to his Reply to the Direction of the Court and Request for Expedited Determination. We submit this supplemental memorandum to further elucidate the force of the safety valve usage to demonstrate the impropriety of the BOP's overruling the sentencing court's finding, but also to request expedited consideration because Mr. Minotti will be eligible for halfway house placement within a week if the proper standard is used.

## FACTUAL BACKGROUND

On January 10, 2008 Plaintiff Minotti responded to the Court's direction by addressing the following question: Can the BOP categorize an individual inmate as being among the group of inmates not eligible for the 18 U.S.C. § 3621(e) sentence reduction if that inmate has been convicted of violating 18 U.S.C. § 924(c) (Possession of a Firearm During and in Relation to a Drug Crime) pursuant to the *Pinkerton Theory*, but never having actually or constructively possessed the firearm?

## ARGUMENT

I.  How Application of the "Safety Valve" Impacts the Case at Bar.

As this Court is aware, U.S.S.G. §5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) provides, in pertinent part, that:

> (a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:
>
> > (2) *the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;* (Emphasis supplied.)

Here, the sentencing court applied the "safety valve" to Minotti's sentence, finding that he qualified for a sentence below the statutory mandatory minimum after having met all of the provisions of U.S.S.G. **§**5C1.2; *i.e.,* along with the other requirements, he did not use violence or possess a firearm or other dangerous weapon.

The import of this is obvious. Notwithstanding all of the previous arguments setting forth how the BOP incorrectly classified Minotti as a "violent offender" - and

2

subsequent exclusion of eligibility for a sentence reduction pursuant to 18 U.S.C. §3621(e) - the Court should take judicial notice that the United States District Judge who sentenced him specifically found him to be a non-violent offender and apply the law of the case principle to determine that Mr. Minotti was not a "violent offender."

II.     A Swift Determination Is Desirable and Fair.

At the present time, the BOP has calculated Minotti's release date to be September 8, 2009. As a successful graduate of RDAP, he is automatically scheduled to be placed in a Residential Reentry Center ("halfway house") for six months. This would put his release from FPC Cumberland at March 8, 2009. However, should this Court order the BOP to classify Minotti as a non-violent offender, subject to eligibility for a one year § 3621(e) sentence reduction, Minotti's transfer to a halfway house could be as early as March 8, 2008. For this reason, a timely determination would permit Minotti to attain the full statutory benefit to which he is entitled.

WHEREFORE, for the forgoing reasons, plaintiff Minotti urges this Court to find that his offense was non-violent, that the BOP has erroneously categorized him as a violent offender, and improperly denied his consideration of a § 3621(e) sentence reduction after his successful completion of RDAP.

Minotti respectfully requests that, as soon as is practicable, the Court order the BOP to categorize Minotti as a non-violent offender; and further order the BOP to give Minotti the same fair and full consideration of a § 3621(e) sentence reduction that it provides to other similarly situated inmates who have successfully completed RDAP.

Respectfully submitted,

_____/s/_____

>Brian W. Shaughnessy, DCN 89946
>913 M Street, NW
>Suite 101
>Washington, DC  20001
>(202) 842-1700
>
>Attorney for Plaintiff
>Jon Minotti

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of March 2008, I caused a copy of the foregoing pleading to be sent via the Court's electronic filing system to the U.S. Attorneys Office for the District of Columbia, 555 4th Street, NNW, Washington, DC  20001.

>_____/s/_____
>Brian W. Shaughnessy