UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JON MINOTTI,<br><br>        **Plaintiff,**<br><br>v.<br><br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS, et. al.,<br><br>        **Defendant.** | Civil Action No.: 07-2006 (JR) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENLARGMENT TIME TO FILE A RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**

COMES NOW plaintiff Jon Minotti, by and through counsel, and responds to Defendant's Motion to Enlargement of Time to File a Response to Plaintiff's Amended Supplemental Memorandum as follows:

1. Defendant claims that counsel faxed a document "that purportedly reflects modification to the governing statute in this matter." This is not so. The statute controlling this case is 18 U.S.C. 3621(e), which defendant violated in denying the benefits of the RDAP program to plaintiff. The statute counsel faxed to defendant's counsel was an amendment to 18 U.S.C. 3624(c), which increases halfway house eligibility to twelve months. Counsel presented government counsel with the halfway house amendment as part of an offer to settle this case: plaintiff would dismiss if he were transferred to a halfway house for the last twelve months of his sentence.

2. The government suggests that plaintiff has filed continued and unwarranted supplements, which in fact were merely additional authority for plaintiff's position. Plaintiff thought that bringing all available authority to the Court's attention was warranted so that the Court could make its decision based on the fullest possible array of authorities. Plainly, this is not in the government's interest. Nonetheless, we understand the objection to additional authority being furnished the Court: it is to the government's advantage to prevent the Court from considering all of the authority available in deciding this case.

3. Government counsel claims that he wishes to discuss the "purported amendment" with the agency. The amendment is not purported, but a fact easily checked in the Public Law. There is nothing about it to discuss since the Congress passed it and the President signed it. The government must only consider plaintiff's offer to settle and then accept or reject it.

4. The government's request for further delay is transparently dilatory so that it can keep plaintiff incarcerated by its statutory violation. It is in the interest of fairness and equity that a speedy decision be made in this matter. Because plaintiff has already been kept at FPC Cumberland beyond the date (March 8, 2008) he would have been transferred to a halfway house if he were found eligible by this Court for full RDAP benefits, any further delay will deprive plaintiff of his entitlement under 18 USC § 3621(e).

WHEREFORE, plaintiff Minotti requests that the government's request for an enlargement of time within which to file its response be denied and that a speedy decision be rendered in this case.

                Respectfully submitted,

                _____/s/_____
                Brian W. Shaughnessy
                DCN 89946
                913 M Street, NW, Suite 101
                Washington, DC 20001
                (202) 842-1700

                Attorney for Plaintiff
                Jon Minotti

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of April 2008, I caused a copy of the foregoing pleading to be sent via the Court's electronic filing system to the U.S. Attorneys Office for the District of Columbia, 555 4th Street, NNW, Washington, DC 20001.

                _____/s/_____
                Brian W. Shaughnessy