UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JON MINOTTI<br>Fed Reg. No. 25230-038<br>FCI CUMBERLAND<br>PO Box 1000<br>Cumberland, MD 21501-1000,<br><br>   Plaintiff,<br><br>  v.<br><br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS,<br>320 First Street, N.W.<br>Washington, D.C. 20534,<br><br>FEDERAL BUREAU OF PRISONS,<br>320 First Street, N.W.<br>Washington, D.C. 20534,<br><br>   Defendants. | Civil Action No.: 07-2006 (JR) |

**PLAINTIFF MINOTTI'S SECOND SUPPLEMENTAL
<u>MEMORANDUM OF ADDITIONAL AUTHORITY</u>**

COMES NOW plaintiff Jon Minotti, by and through counsel, and, submits this Supplemental Memorandum of Additional Authority:

1. Counsel has recently learned that the Bureau of Prisons has granted the benefits of RDAP to Ralph Barnett, an inmate similarly situated to Mr. Minotti.

2. On December 12, 2007, Mr. Barnett was found ineligible for early release under 18 USC §3621(e) because he had committed a crime of violence and had been given a 2 point enhancement of his sentence. Ex. 1(a). This was further explained in Warden Lisa Hollingsworth's memorandum of March 24, 2008. Ex. 1(b).

3. On April 22, 2008 (a typo incorrectly indicates April 22, 2007) Barnett was found eligible for release under §3621(e). Ex. 1(c).

4. Petitioner Minotti not only was found not to have committed a crime of violence by the sentencing judge, he also was not given the 2 point enhancement as was Barnett.

5. Since the two similarly situated inmates were given disparate treatment in the application of § 3621(e), Mr. Minotti constitutional right to equal treatment of law has been violated. This is an additional ground upon which relief should be given.

6. Even if a constitutional violation not be found, granting of early release to Barnett demonstrates that Mr. Minotti's interpretation of §3621 is correct and shared by the Bureau of Prisons, defendant herein.

Accordingly, we request that Mr. Minotti's petition be speedily granted so that he may be transferred to a halfway house for which he is now eligible.


Respectfully submitted,

_____/s/_____
Brian W. Shaughnessy
DCN 89946
913 M Street, NW, Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for Plaintiff
Jon Minotti

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of April 2008, I caused a copy of the foregoing pleading to be sent via the Court's electronic filing system to the U.S. Attorneys Office for the District of Columbia, 555 4th Street, NW, Washington, DC 20001.

_____/s/_____
Brian W. Shaughnessy

BP-S761.055  **RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE** CDFRM
DEC 03
U.S. DEPARTMENT OF JUSTICE                                                  FEDERAL BUREAU OF PRISONS

Ex 1 (a)

| To: Barnett, Ralph | Reg No. 08225-088 |
| --- | --- |
| From: H. Leon Bryan, Ed.D. | Institution: FPC Cumberland |
| Title: Drug Abuse Program Coordinator | Date: 12-10-2007 |

**SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates that you do/do not meet the admission's criteria for the Residential Drug Abuse Program. It appears that you (✓ DO/ ___ DO NOT) qualify to participate in the Residential Program. State the reason(s) below.

Comments: DAP Wait

**SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY** (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x."):

- ✓ Not an INS detainee.
- ✓ Not a contractual boarder.
- ✓ Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right).
- ✓ Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children.
- ✓ Not a pre-trial inmate.
- ✓ Not an "old law" inmate.
- (✓) Not a crime of violence as contained in BOP Categorization of Offenses policy.
- ✓ Not an excluding crime by the Director's discretion in Categorization of Offenses policy.

My current assessment, in consultation with your unit team, is that it (___ DOES / ✓ DOES NOT) appear that you are provisionally eligible for an early release. If not, list ALL the reason(s).

Comments: Ineligible due to a 2 point enhancement.

If applicable, I understand that a determination of early release for me is <u>provisional</u>, <u>may change</u>, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.

| Inmate's Signature (indicate if refused to sign) | Refused to sign |
| --- | --- |
| Ralph Barnett | |

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file; Inmate

This form may be replicated via WP)


Ex 1(6)

FEDERAL CORRECTIONAL INSTITUTION, CUMBERLAND MARYLAND
PART B: RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #484282-F1

This is in response to your Request for Administrative Remedy in which you are requesting the 3621 (e) early release eligibility associated with completion of the Residential Drug Abuse Program. This was previously denied due to a two-point weapons enhancement. You indicate in your request that your weapons enhancement should not classify you as committing a crime of violence because the gun was not directly connected to your instant offense.

Page 9 ¶ 27 of your Pre-sentence Investigation indicates that several firearms were discovered at your residence, which included a loaded .45 caliber handgun Subsequently, you were assessed a two point enhancement for these weapons. Thus, according to the Drug Abuse Program Policy Statement (P.S.. 5330.10) Chapter 6.1.1 [a B] inmates who have committed offenses that involve a firearm are excluded from receiving 3621 (e) early release benefits. Because you were provided with a weapons enhancement in your Pre-sentence Investigation, your instant offense does involve a firearm. Therefore, according to current policy you are excluded from 3621 (e) early release benefits.

Based on the foregoing, your request for reief is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 302 Sentinel Drive, Suite 200, Annapolis Junction, Maryland 20701. Your appeal must be received in the Mid-Atlantic Regional Office within 20 days of this response.

3/24/08
Date

Lisa J. W. Hollingsworth, Warden

BP-S767.055 **CHANGE IN DRUG ABUSE STATUS** CDFRM
SEP 03
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| Date 04/22/07 | |
|---|---|
| Memorandum To | |
| Steve Finger Unit Manager | M. Joseph P Unit Counselor |
| J. L. Baney CMC/ISM (re: 3621 (e) only) | |
| From H. Leon Bryan RDAP Coordinator | |

Inmate Barnett, Raplh , Register # 08225-088
previously agreed to participate in:

___ Drug Abuse Education
_X_ Residential Drug Abuse Treatment
___ Follow-Up to Residential Drug Abuse Treatment
___ Other

There has been a change in the inmate's participation status. Please take the action required as a result of this change.

___ The inmate *declined/withdrew/was expelled/failed* (circle one) the activity checked above. The inmate was advised that any failure to fully complete this activity would result in specific sanctions as outlined on the Agreement to Participate in the Bureau of Prisons Drug Abuse Services and in policy. Please enforce the appropriate sanctions.

___ The inmate *declined/withdrew/was expelled/failed* (circle one) the activity checked above. The inmate was provisionally found to be eligible for early release. However, based on his/her failure to complete the program, his/her 3621(e) status must be removed.

___ The inmate was found *ineligible for transitional drug abuse treatment*. Please remove his/her 3621(e) projected release date.

_X_ The inmate was originally found to be ineligible for consideration for early release under 3621(e). His/her status has changed and he/she is *now provisionally eligible for a 3261(e) release.* Please adjust his/her release status accordingly.

I have discussed this issue with the inmate and I have made the appropriate SENTRY changes.



Comments

Inmate Signature: Ralph Bantz    Date: 4/22/08

original: Unit Team (Section 4 of the inmate's central file)
copies: Warden
        Drug Abuse Treatment Coordinator
        Inmate

** When the inmate is participating in the unit-based component of the RDAP, it is the DAP Coordinator's responsibility to forward this form to the ISM, through the Unit Team. When an inmate completes the unit-based component of the RDAP, it is the Unit Manager's responsiblity to forward this form to the ISM, with a copy to the Warden and the RDAP Coordinator.

(This form may be replicated via WP)