UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JON MINOTTI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARLEY G. LAPPIN, DIRECTOR, )<br>FEDERAL BUREAU OF PRISONS, et al.)<br>)<br>Defendants. )<br>) | Civil Action No. 07-2006 (JR) |

## OPPOSITION TO SUPPLEMENTAL MEMORANDUM, DKT 15

Since this matter was fully briefed as of January 29, 2008, Plaintiff has filed four supplement pleadings, including one this week, Docket 19.[1] This is a response to Plaintiff's supplemental pleading, Docket 15. As the Court will recall, BOP informed Plaintiff that he was ineligible for a sentence reduction under 18 U.S.C. 3621(e) because his conviction was considered to be a "crime of violence," which disqualified Plaintiff for eligibility for sentence reduction. Plaintiff challenged the BOP's determination on the grounds that he did not commit a crime of violence because he never possessed a firearm during the commission of the crime for which he is incarcerated. In response to Plaintiff's baseless claim, Defendants argued that the Supreme Court has held that the determination of what constitutes a crime of violence is committed to the broad discretion of the Director of Bureau of Prisons. *Lopez v. Davis*, 531 U.S. 230 (2001). Plaintiff now submits that, *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2007), which held that BOP's regulations excluding from early release prisoners convicted of offenses involving possession or use of firearms violated the Administrative Procedure Act

---

[1] A response to Docket 19 is not due until May 14, 2008.

because the BOP did not submit a rationale for its passage further supports his argument that he is entitled to early release. Plaintiff mixes apples with oranges and has done so from the commencement of this action. Even *Arrington*, the case upon which he relies, acknowledges that whether the BOP has authority to pass a rule or determination to categorically exclude otherwise eligible prisoners from early release is a distinct question from whether the BOP complied with the requirements of the APA. *Arrington*, *supra*, 516 F.3d 1106, 1116. Defendants maintain that *Lopez*, which held that the Director of the BOP has broad discretion under the *statute*, governs this matter and that dismissal of Plaintiff's complaint is proper under that Supreme Court precedent. *Arrington* cannot and does not disturb *Lopez* nor is it binding authority in this Circuit.

May 2, 2008                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　 /s/_____
　　　　　　　　　　　　　　　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　 /s/_____
　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS, D.C. BAR # 434122
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　 /s/_____
　　　　　　　　　　　　　　　　　　KENNETH ADEBONOJO
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Judiciary Center Building
　　　　　　　　　　　　　　　　　　555 4th Street, N.W. – Civil Division
　　　　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　　　　(202) 514-7157
　　　　　　　　　　　　　　　　　　(202) 514-8780 (facsimile)
　　　　　　　　　　　　　　　　　　kenneth.adebonojo@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of May 2008, I caused the foregoing Defendants' Opposition to Plaintiff's Supplemental Memorandum, Docket 15, to be served on Plaintiff's attorney, Brian W. Shaughnessy, via the Court's Electronic Case Filing system.

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)